616 A.2d 705

Carmelo GUZMAN, Administrator of Estate of
Diandra R. Guzman, Deceased, Appellant,

v.

Anthony COOPER and Ronnie Myers.

Superior Court of Pennsylvania.

Argued Sept. 2, 1992.

Filed Nov. 9, 1992.

Leonard Schaeffer, Philadelphia, for appellant.

Frederick M. Bogos, Philadelphia, for appellee Cooper.

Danya A. George, Philadelphia, for appellee Myers.

Before CIRILLO, POPOVICH and HOFFMAN, JJ.

CIRILLO, Judge.

This is an appeal from a final order denying a petition to strike an order to settle, discontinue or end a wrongful death and survival action. We affirm.

On September 13, 1987, Diandra Guzman was a passenger in Anthony Cooper's car when Cooper's car collided with a vehicle, driven by Ronnie Meyers, that was partially blocking the highway. Diandra Guzman was killed, leaving her minor daughter as the sole heir to her intestate estate. Diandra Guzman's father, Carmelo, [Guzman] was appointed adminis-

trator of Diandra's estate.[1]  In his capacity as administrator, Guzman retained William H. Bishop to file wrongful death and survival actions against both Cooper and Meyers; the complaint was filed on August 29, 1988.  After determining that Meyers did not carry liability insurance, John Dorfman, another attorney then practicing in the same firm as Bishop, terminated the action by filing a praecipe to settle, discontinue or end in the trial court.[2]

In October of 1991, Guzman, again in his capacity as administrator of Diandra's estate, filed a complaint in malpractice against attorneys Bishop and Dorfman and their respective law firms.[3]  The complaint alleged that at the time of the accident, Myers had in fact been covered by insurance with a policy limit of $300,000.00, and, therefore, the attorneys had improperly advised Guzman to withdraw the lawsuit.

One month later, attorney Dorfman filed a petition to strike the order to settle, discontinue, and end on the basis that the order was improvidently entered and invalid because no party

1.  Pennsylvania Rule of Civil Procedure 2201 defines "personal representative" as "the executor *or administrator* of the estate of a decedent duly qualified by law to bring actions within this Commonwealth." (emphasis added).  According to the Probate, Estates and Fiduciaries Code, the term fiduciary "[i]ncludes personal representatives, guardians, and trustees...."  20 Pa.C.S. § 102.  Therefore, Guzman, as the administrator, is also a fiduciary of Diandra's estate.

2.  The following, prepared by the attorney for Meyers, appears in the record:
    *ORDER TO SETTLE, DISCONTINUE AND END*
    TO THE PROTHONOTARY:
    Kindly mark the above matter SETTLED, DISCONTINUED AND ENDED upon payment of your costs only.
    The order was then signed by the attorneys for Guzman, Cooper and Meyers respectively.  There is no other signature on the order, which was docketed on July 7, 1989.
    As the order was captioned "Carmelo Guzman vs. Anthony Cooper and Ronnie Myers," it was applicable to both defendants.  However, the record does not reveal what, if any, recovery was received from Cooper.

3.  The caption to the malpractice action lists the plaintiffs as:  Carmelo Guzman, Administrator of Estate of Diandra Guzman, and Sonia Guzman, individually and on their own behalf and Carmelo Guzman and Sonia Guzman on behalf of and as legal guardians of Bianca Guzman, a minor.

in interest had petitioned the court for approval to discontinue the suit as required when a minor is involved. *See* Pa.R.C.P. 2206(a);[4] *see also* Pa.R.C.P. 229, Note ("Court approval of a discontinuance must be obtained in any action in which a minor is a party."). The petition also stated that "[c]ounsel is filing this petition as former counsel seeking to reinstate the rights of the minor and to prevent unnecessary litigation in the legal malpractice action." (emphasis added).

Guzman filed an answer to the motion to strike in which he asserted that Dorfman no longer represented the estate, and consequently Dorfman was "without authority, rights, or power to file this instant pleading [motion to strike] on behalf of Carmelo Guzman or the Estate of Diandra R. Guzman, deceased." Guzman also asserted that the minor was not the *only* party in interest, as Dorfman had alleged.

The trial court declined to address the merits of the petition to strike on the grounds that Dorfman, Guzman, and the minor all lacked standing to appeal. Dorfman filed this timely appeal.

We are now asked to consider the following issues:

I.   Whether the trial court committed an error of law by concluding that the appellant had no standing to take this appeal.

II.   Whether the trial court committed an error of law by failing to strike the improperly filed and invalid Order to Settle, Discontinue and End in this death action, because judicial approval under Rule 2206(a) is mandatory where the decedent's minor daughter has an interest in the outcome of the suit.

**4.**   Pennsylvania Rule of Civil Procedure 2206, "Settlement, Compromise, Discontinuance and Judgment" provides in relevant part:
(a) No action for wrongful death in which a minor or incompetent has an interest shall be discontinued nor shall the interest of a minor or an incompetent in any such action or in a judgment for damages recovered therein be compromised or settled until the court, *upon petition of any party in interest,* shall allow the discontinuance or approve the compromise or settlement as being fair and equitable. Pa.R.C.P. 2206(a) (emphasis added).

III. Whether the trial court's failure to strike off the improperly filed and invalid Order to Settle, Discontinue and End was an abuse of discretion.

■ A petition to strike an order or judgment may only be granted when a fatal defect appears on the face of the record. *Decoatsworth v. Jones,* 414 Pa.Super. 589, 607 A.2d 1094, 1097 (1992) (citations omitted). We will only reverse the trial court if there is a manifest abuse of discretion or error of law. *Parliament Industries, Inc. v. William H. Vaughan & Co., Inc.,* 501 Pa. 1, 8, 459 A.2d 720, 724 (1983).

Initially, we note that this case is riddled with procedural anomalies. The official caption listing "Carmelo Guzman, Administrator of Estate of Diandra R. Guzman, Deceased" as the appellant, is misleading. The actual party pursuing this appeal is *Dorfman,* Guzman's former attorney who, without authorization from Guzman, petitioned the trial court to strike the order filed in May of 1989 discontinuing the wrongful death suit.

■ The trial court was correct in determining that appellants (former attorneys) lack standing to strike the order discontinuing the wrongful death suit. A party, in order to have standing, must have a substantial, direct, and immediate interest in the action. *William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975). Since appellants are no longer representing the estate, and Guzman opposed the filing of the petition to strike, appellants did *not* have standing to file the petition in the trial court.

■ The trial court's decision requires clarification, however, with respect to its determination that Guzman lacks such standing. Guzman, as the party who filed the original suit,[5]

5. The record reveals that "Carmelo Guzman, Administrator of the Estate of Diandra R. Guzman, deceased" filed the initial complaint against Cooper and Meyers a year after Diandra's death. Under Pennsylvania Rule of Civil Procedure 2202, for the first six months after Diandra's death, Guzman, as administrator of her estate, was the *only* person authorized to file a wrongful death complaint for the benefit of all persons entitled by law to recover from Diandra's death. *See* Pa.R.C.P. 2202(a). Since Guzman did not file the wrongful death complaint during those six months, thereafter, in addition to Guzman,

and the fiduciary of the estate, may have lost his standing to proceed further *in these capacities*. As guardian of the minor who was harmed by the allegedly improvidently filed order to discontinue, Guzman clearly *does* have standing to move to strike the order. Pennsylvania Rule of Civil Procedure 2039(a) provides:

No action to which a minor is a party shall be compromised, settled or discontinued *except after approval by the court pursuant to a petition presented by the guardian of the minor*.

Pa.R.C.P. 2039(a).[6] *See* Pa.R.C.P. 2206(a), footnote four, *supra*. Guzman's standing is of no import at present, however, because he neither filed, nor consented to the filing of, the petition to strike. More importantly, Guzman is not appealing the order denying the petition to strike.

■ The trial court further opined:

The Praecipe to Settle, Discontinue and End was conclusive as to plaintiffs [Guzman's] cause of action and the other matters which could have been litigated in that action. [citation omitted]. To open judgment would be inescapably disruptive of the strong judicial policy in Pennsylvania in favor of parties voluntarily settling lawsuits.

This statement, too, requires some clarification. Voluntary settlement is certainly the preferred manner of disposing of pending litigation. We cannot, however, view this policy in a vacuum. Protecting a minor's rights and interests is of primary concern in this case. Those interests may or may not be protected by furthering the policy of advancing settlement.

any person legally entitled to recover damages in such action could also have filed a wrongful death complaint as "trustee ad litem on behalf of all persons entitled to share in the damages." Pa.R.C.P. 2202(b).

Under Pennsylvania law, the only parties entitled to recover for wrongful death are spouses, parents or children of the decedent. 42 Pa.C.S. § 8301(b). The eligible parties, or the administrator of the estate if the decedent was not survived by a spouse, parent or child, may also seek recovery for the hospital, nursing, medical, funeral or expenses of administration necessitated by the injuries which caused the wrongful death. 42 Pa.C.S. § 8301(c).

6. Guzman and his wife, Sonia Guzman, the minor's grandparents, are the legal guardians of the minor.

For this reason, our rules of court require judicial approval of settlements on behalf of a minor. *See* Pa.R.C.P. 2039(a). Further, Pennsylvania Rule of Civil Procedure 229(c) provides:

The court, upon petition and after notice, may strike off a discontinuance in order *to protect the rights of any party from* unreasonable inconvenience, vexation, harassment, expense, or *prejudice.*

Pa.R.C.P. 229(c) (emphasis added).[7] If indeed Meyers had been covered by liability insurance at the time of the accident, the rights of Diandra's minor daughter, the sole beneficiary of her estate, were prejudiced when the praecipe to settle, discontinue or end was entered without court approval.

In light of the competing policies outlined above, we deem it wise for Guzman, as the guardian of the minor, to determine whether he should in fact pursue a motion to strike the discontinuance pursuant to Rules 2039(a) and 229(c). In the child's interests, and in the interests of justice, it is Guzman's responsibility to pursue the rightful and viable source compensation in this action.

We hold, therefore, that the trial court did not abuse its discretion in denying appellants' petition to strike an order to settle, discontinue or end a wrongful death and survival action. *Parliament Industries, supra.*

Order affirmed.

---

**7.** Traditionally, Rule 229 is only invoked in cases where the plaintiff has actually intended to discontinue a lawsuit and one or more defendants object that the discontinuance is prejudicial to their rights, or where a plaintiff demonstrates a need for relief from a discontinuance which he or she has obtained. *Hopewell v. Hendrie,* 386 Pa.Super. 264, 562 A.2d 899 (1989); *see also* Goodrich Amram 2d § 229(c):2.