J-A02012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BETTY SOSIN AND HERMAN SOSIN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| VALLEY FORGE TOWERS WEST, VALLEY FORGE TOWERS WEST CONDOMINIUM ASSOC., AND SCHINDLER ELEVATOR CORPORATION | |
| Appellees | No. 2690 EDA 2013 |

Appeal from the Order August 28, 2013
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2008-35702

BEFORE:  PANELLA, J., LAZARUS, J., and WECHT, J.

JUDGMENT ORDER BY LAZARUS, J.:              **FILED APRIL 01, 2015**

Elliott Tolan, Esquire, purports to appeal on behalf of Betty Sosin and Herman Sosin, both now deceased, from the order entered in the Court of Common Pleas of Montgomery County dismissing with prejudice the complaint filed by the Sosins during their lifetimes.  We quash the appeal.

Prior counsel commenced a personal injury lawsuit on behalf of the Sosins via complaint filed on May 16, 2007.  The complaint alleged that Mrs. Sosin sustained injuries when an elevator at Valley Forge Towers malfunctioned.  Attorney Tolan entered his appearance in this matter on March 22, 2010, after the Sosins' two prior attorneys were suspended from the practice of law.  Mr. Sosin died in 2007 and Mrs. Sosin died in 2012. Accordingly, the personal representatives of their estates succeeded to the

Sosins' interests in the matter. **See** 20 Pa.C.S.A. § 3372; Pa.R.C.P. 2355 and 2352. Attorney Tolan filed a suggestion of death for Mr. Sosin on May 6, 2011 and a praecipe for substitution of party plaintiff for Mrs. Sosin on August 23, 2013.

On August 28, 2013, the date the case was called for trial, Attorney Tolan informed the trial court that he was unable to proceed because he did not represent the personal representative of either Mr. or Mrs. Sosin's estates. **See** Trial Court Opinion, 11/26/13, at 7, quoting N.T. Hearing, 8/28/13, at 3-4. Accordingly, the trial court dismissed the matter with prejudice and Attorney Tolan filed the instant appeal.

An attorney who no longer represents a party lacks authority to act before the court on that former client's behalf. **See Guzman v. Cooper**, 616 A.2d 705 (Pa. Super. 1992). Here, Attorney Tolan's former clients are deceased and their successors in interest have refused to retain Attorney Tolan's services in this matter. Accordingly, Attorney Tolan was without authority to act on behalf of the Sosins' estates, and we therefore quash this appeal.

Appeal quashed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/1/2015</u>