## TRUSTEES OF THE PRESBYTERY OF PHILADELPHIA, Appellant,

v.

## PROVIDENT MUTUAL LIFE INSURANCE COMPANY.

Commonwealth Court of Pennsylvania.

Argued Oct. 10, 1996.

Decided Nov. 21, 1996.

Francis X. Clark, Wayne, for Appellant.

Laurence Z. Shiekman, Philadelphia, for Appellee.

Before SMITH and LEADBETTER, JJ., and LORD, Senior Judge.

LORD, *Senior Judge.*

The Trustees of the Presbytery of Philadelphia (Presbytery) here appeal from a Philadelphia County Court of Common Pleas order that sustained the preliminary objections of defendant Provident Mutual Life Insurance Company (Provident) and dismissed the Presbytery's complaint with prejudice.[1,2]

1. When preliminary objections are sustained by a trial court, our scope of review is limited to a determination of whether findings of fact are supported by competent evidence or an error of law has been committed. *Mooney v. Borough of West Mifflin,* 134 Pa.Cmwlth. 557, 578 A.2d 1384 (1990); *Merrick Appeal,* 68 Pa.Cmwlth. 506, 449 A.2d 820 (1982).

2. Also for our consideration is Provident's application for relief requesting, *inter alia,* that certain letters included in the reproduced record be stricken, as they were not included in the certi-

fied record, and Provident's application for relief regarding the jurisdictional issue ostensibly not raised below. With respect to Provident's application for relief regarding the reproduced record, the materials it seeks to have stricken contemplate the ability of the Insurance Commissioner to grant the relief that the Presbytery requests. With respect to Provident's application for relief regarding the matter of the Insurance Commissioner's discretion, which issue it maintains the Presbytery did not raise before the common pleas court, we note that the Insurance

The common pleas court entered its order because it believed it lacked subject matter jurisdiction over the Presbytery's claim and that this Court has exclusive jurisdiction to adjudicate that claim.

In April of 1995, the Presbytery sued Provident in a court of equity for the imposition of a constructive trust on about thirty million dollars worth of property held by Provident as Covenant's successor. Provident and Covenant had merged in November of 1994, after receiving the Insurance Commissioner's approval to do so, and Provident was the surviving corporation. Prior to this merger, the Presbytery had, through its attorneys, written to the Insurance Commissioner, asking for a hearing and the imposition of a constructive trust on that portion of Covenant's surplus which it alleges largely arose from contributions donated by both it and the Synod of Philadelphia.[3]

Eventually, the Insurance Commissioner scheduled a conference on the Presbytery's concerns, before which time the parties were permitted to submit documentation, and during which time the parties argued their various positions. Thereafter, in separate opinions and orders, the Insurance Commissioner approved the merger of Covenant and Provident, without granting the Presbytery a

hearing and without imposing a constructive trust. The Insurance Commissioner concluded that Provident was requesting relief in the wrong forum.

The Presbytery then filed this action in equity. As a consequence, Provident filed preliminary objections to the Presbytery's complaint, which objections were dismissed without prejudice. Provident refiled its preliminary objections and, on September 14, 1995, the common pleas court sustained Provident's preliminary objections, dismissing the Presbytery's complaint with prejudice.[4] As previously set forth, the common pleas court determined that the Commonwealth Court had exclusive jurisdiction over the Presbytery's claim. In so concluding, the common pleas court stated that the Presbytery "should have appealed the Commissioner's decision not to exert authority over the matter to the Commonwealth Court." (Common pleas court opinion, p. 3) (Footnote omitted). The common pleas court also stated, rather inconsistently, that "[t]he Commonwealth Court of Pennsylvania has exclusive and *original* jurisdiction over the subject matter contained in plaintiff's complaint." (Common pleas court opinion, p. 4) (Emphasis added).

Commissioner stated in her opinion: "At the conference, the Presbytery agreed that it did not assert that it had an absolute right to a hearing, but that it was a matter for the discretion of the Commissioner...." (Insurance Commissioner's Opinion, dated September 28, 1994, p. 4). This opinion of the Insurance Commissioner was included in the record certified to us from the common pleas court; therefore, Presbytery's assertion was before the court below.

3. According to the Presbytery's complaint, Covenant was founded in 1717 by the Synod of Philadelphia, an unincorporated association of Presbyterian churches and church members that included the Presbytery. At its founding, Covenant was known as the "Fund for Pious Uses," and it engaged in charitable works, including affording financial relief to widows and orphans of Presbyterian ministers. In 1759, two sons of William Penn incorporated the Fund as "The Corporation for the Relief of Poor and Distressed Presbyterian Ministers and of the Poor and Distressed Widows and Children of Presbyterian Ministers." In 1888, the Corporation became known as "The Presbyterian Ministers' Fund," and, in 1991, it became known as Covenant. According to the Presby-

tery, the Synod had actively sought contributions to support the mission of the "Fund for Pious Uses," which contributions amounted to an excess of five thousand pounds given by Presbyterians, including those from England, Ireland and Scotland—the homelands of the then majority of American Presbyterians. The Presbytery asserts that the Synod turned these contributions over to the Corporation and that they eventually formed Covenant's capital, and became the source of its surplus. Further, the Presbytery maintains that Covenant's mission has always been to provide low cost life insurance and financial help to clergy (Presbyterian and others) and their families but, since the merger, Provident has not carried on this mission.

4. Although the common pleas court based this decision on the issue of subject matter jurisdiction, Provident also preliminarily objected to the Presbytery's complaint on the bases that the Presbytery had an adequate remedy at law; that the Presbytery lacked standing; that the Presbytery lacked the capacity to sue; that the Presbytery's complaint was legally insufficient; and that the doctrine of laches barred the Presbytery's claim.

Thereafter, the Presbytery filed a notice of appeal in Superior Court. The parties submitted briefs and Provident filed applications to strike portions of the Presbytery's brief and reproduced record. The Superior Court heard argument in April of 1996; then, in June of 1996, that Court transferred the case to this one, because the appeal involved the scope of the Insurance Commissioner's authority. *See* Section 705 of the Judicial Code, 42 Pa.C.S. § 705 [Transfers between intermediate appellate courts].

The Presbytery now argues, *inter alia*, that the Insurance Commissioner properly exercised her discretion to decline its requests for a hearing and the imposition of a constructive trust and, therefore, it could not have appealed her decision to the Commonwealth Court on that basis; and that the Presbytery had no obligation to take its claim against Provident to Commonwealth Court, since we have no original or appellate jurisdiction over this matter.

■ Under Section 1402(h)(2) of The Insurance Companies Holding Act (Act), Act of May 17, 1921, P.L. 682, *as amended*, 40 P.S. § 991.1402(h)(2), a merger of insurance companies cannot be effectuated without the insurance department's approval. Even so, in her opinion concerning the Presbytery's request for a hearing, the Insurance Commissioner initially—and, as we will point out, correctly—recognized that the Presbytery's claim that Covenant's merger with Provident was accomplished and approved by corporate malfeasance was not a matter within her purview.

In this vein, the Insurance Commissioner stated in particularly relevant part:

> Fundamental to the issues raised by the Presbytery is the question of the Commissioner's authority to consider the issue of the bona fides of the abolition of the Corporators and the subsequent policyholder approval of the merger. The Commissioner is generally charged with administering "the laws of the Commonwealth in relation to insurance." 40 P.S. § 41.

> . . .

> The nature of corporate activities which may be subject to Department oversight ought to be given a liberal interpretation to assure compliance with the insurance laws. The Commissioner surely has greater control over the governance of a mutual insurance company, as opposed to a stock company, given that such a business organization is unique to the insurance industry. However, the allegations of the Presbytery, even if true, are not directed to any particular insurance laws. Rather, the allegations go to the propriety of corporate action and the possibility of a monetary claim against the company. Such issues are generally considered to be within the jurisdiction of the courts of equity. Administrative agency jurisdiction is premised on the assumed agency expertise in its particular field. The Department has no particular expertise in matters of corporate action.

(Insurance Commissioner's Opinion, dated September 28, 1994, pp. 7–8). (Footnote omitted).

The Insurance Commissioner also wrote in that opinion:

> The imposition of a constructive trust is a powerful equitable remedy which is generally reserved for courts of equity. Absent an express grant of authority to order a particular remedy, or specific powers from which such authority could reasonably be inferred, the Commissioner cannot presume the power to impose a constructive trust. While circumstances may exist under which the Commissioner could fashion such a remedy, the Presbytery has not provided any legal authority for the Commissioner to do so in this case.

(Insurance Commissioner's Opinion, dated September 28, 1994, pp. 9–10).

In reaching its conclusion that this Court has exclusive jurisdiction over the matters the Presbytery presents, the common pleas court admittedly did not have the benefit of our Superior Court's recent determination in *Drain v. Covenant Life Insurance Company, et al.,* —— Pa. Superior Ct. ——, 685 A.2d 119 (1996), a case which appears to be the only Pennsylvania decision on point. Al-

though we are not bound by the Superior Court's decision in *Drain*, we find its rationale extremely persuasive;[5] therefore, we will adopt its logic in this case, rather than do otherwise and split judicial authority on this issue.

*Drain* involved derivative and class action claims brought by two Covenant policyholders, Reverends Drain and Shea. These claims were filed in the common pleas court and challenged the merger of Covenant and Provident. In Count I of their complaint, the plaintiffs derivatively sought equitable relief and damages for an alleged breach of fiduciary duty and a waste of corporate assets. In Count II, they sought relief in a class claim for fundamental unfairness of the merger under the Business Corporation Law, pleading both common law and contract rights.

Our Superior Court decided, *inter alia*, that the trial court's decision to sustain Provident's preliminary objections in the nature of a demurrer to Count II on the grounds that it had no subject matter jurisdiction over the class claim was in error. In so deciding, the Superior Court quoted helpful language from the Insurance Commissioner's opinion, which is essentially identical to language in the Commissioner's opinion here, that the Insurance Department "has no particular expertise in matters of corporate action" and no jurisdiction over monetary claims arising out of the propriety of such action, or over matters that are without relation to the insurance laws.

The Superior Court specifically held:

In a case such as the instant case, where the wrongs alleged are corporate-control torts incident to a merger of mutual insurance companies, we cannot conclude that assertion of jurisdiction by the courts is inconsistent with the jurisdiction of the Insurance Commissioner. We hold instead that a court is the proper forum for adjudication of such claims; for this reason, the portion of the trial court's order sustaining

the demurrer to Count II of the complaint is reversed.

*Drain*, —— Pa.Super. at ——, 685 A.2d 119.

Similarly, we now determine in this case that the common pleas court improperly decided it lacked subject matter jurisdiction to adjudicate the Presbytery's claims, which claims are merely those of one private party against another. Although the relief sought by the plaintiffs in *Drain* was not precisely the relief the Presbytery seeks here, the principle of law to be applied—at least with respect to the question of which forum in the first instance has jurisdiction over the complainant's claims—is the same. Contrary to Provident's assertions, the Presbytery's claims are not a collateral attack on the Insurance Commissioner's decision to approve the merger; rather, they are unrelated assertions of its purported right to a portion of Provident's surplus based on alleged corporate impropriety. The meritorious question of any such entitlement by the Presbytery, however, *must* be answered in the common pleas court.

This is so even where Provident asserts that the Insurance Commissioner offered the Presbytery some redress in her September 28, 1994 order and opinion approving the merger, including curbing bonuses paid to certain senior officers and ensuring that Provident establish and keep a separate marketing division as a testament to Covenant's original purposes. It is doubtless that these limited protections in no way afford the Presbytery the relief it seeks through a hearing on its claims and the imposition of a constructive trust by a court of equity.

Therefore, we will reverse the order of the common pleas court and remand this case to it for a determination of the remaining preliminary objections raised by Provident, and for any subsequent proceedings.

### ORDER

AND NOW, this 21st day of November, 1996, Provident's application for relief regarding the issue never raised below is denied; Provident's application for relief re-

---

5. *See, e.g., Lincoln General Insurance Company v. Donahue,* 151 Pa.Cmwlth. 297, 616 A.2d 1076 (1992); *Riddle v. Anderson,* 85 Pa.Cmwlth. 271, 481 A.2d 382 (1984).

garding the reproduced record is granted; and the order of the Court of Common Pleas of Philadelphia County, No. 1604 April Term 1995, dated September 14, 1995, is hereby reversed and the case is remanded to the common pleas court for a determination of Provident's remaining preliminary objections.

Jurisdiction Relinquished.