712 A.2d 273

Reverend David Ross DRAIN and Reverend Michael
Shea, on Behalf of themselves and all others
similarly situated, Appellees,

v.

COVENANT LIFE INSURANCE COMPANY, Robert W. Kloss,
Robert Lauterbach, William A. Pollard, Philip C. Herr, II,
Leonard McCandless, George Jenkins, Eugene M. Twardowski
and Provident Mutual Life Insurance Company of Philadel-
phia, Appellants.

Supreme Court of Pennsylvania.

Argued Feb. 4, 1998.

Decided April 24, 1998.

Laurence Z. Shiekman, L. Suzanne Forbis, Philadelphia, for Provident Mutual et al.

Kenneth A. Jacobsen, Haverford, for Rev. David Ross Drain et al.

William J. Luttrell, III, for Rev. Michael Shea.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

NIGRO, Justice.

Policyholders of Covenant Life Insurance Company sued Covenant, its directors, and Provident Mutual Life Insurance Company after the Pennsylvania Insurance Commissioner approved a merger of Covenant and Provident in 1994. Jurisdiction and standing issues are currently before the Court. The trial court held that it has no jurisdiction over this action and that the policyholders lack standing to pursue their claims. The Superior Court reversed on both issues. For the reasons discussed below, we affirm.

Covenant Life Insurance Company primarily focused its business on the religious market. Covenant was able to provide low-cost insurance to the clergy as a result of the clergy's lifestyle and mortality traits. Covenant policyholders had rights similar to other mutual life insurance company policyholders.

Covenant's President and Chief Executive Officer announced in October of 1993 that Covenant had signed a letter of intent to merge with Provident Mutual Life Insurance Company. Provident would be the surviving company after

the merger. Covenant policyholders considered the merger proposal at a special meeting in July of 1994. The voting policyholders approved the merger by votes of 13,873 to 1,630.

In September of 1994, the Pennsylvania Insurance Commissioner, in response to Provident's application, approved the merger. The Commissioner made findings of fact related to the merger plan, including that Provident intended to pay retention bonuses to officers and employees, would establish a marketing division to preserve Covenant's heritage, and would create a new Board of Directors. The Commissioner determined, among other things, that the merger plan complies with the Business Corporation Law, that it was approved by the Boards of Directors and a majority of the policyholders, and that it is not injurious to the interests of policyholders or creditors. The Commissioner found none of the statutory grounds to disapprove the merger present. However, the Commissioner did find that certain retention bonuses constituted conflicts of interest.

As a result of these findings, the Commissioner entered an order approving the merger subject to conditions, including that Provident was not to pay certain retention bonuses, that Provident was to take various steps to preserve Covenant's service to the religious community, and that Provident must supplement its Annual Statement for ten years with a comparison of its projected expense savings with actual savings. The Commissioner's order concluded:

> This approval addresses those issues within the Commissioner's statutory jurisdiction and shall not be construed to determine or resolve any disputes, issues or actions which may be ruled upon by ... [a] Court of Law of proper jurisdiction ... and the Commissioner defers to that jurisdiction.[1]

1. On the same day that she issued this Order, the Commissioner denied the Presbytery of Philadelphia's request for a hearing on the proposed merger because the issues raised were outside her jurisdiction. *See* Insurance Commissioner's Opinion dated September 28, 1994. In addition, pending in the Common Pleas Court at the time of this Order was an action to enjoin the merger. In *Smith v. Covenant Life Ins.*, No. 94–08045, a former Covenant Corporator alleged that the Board of

Two Covenant policyholders, Reverends David Ross Drain and Michael Shea, then filed the present suit against Covenant, its directors, and Provident. Count I of the Complaint is a derivative claim brought on Covenant's behalf against its directors alleging a breach of fiduciary duties, waste of corporate assets, and abuse of control in connection with effectuating the merger. The policyholders allege that they are seeking to enforce rights that Covenant failed to enforce. They further allege that they did not make a demand on Covenant's directors to bring legal action because such a demand would have been futile.

Count II of the Complaint is a class action claim brought on behalf of all Covenant policyholders against Covenant, its directors, and Provident. Titled a claim "for fundamental unfairness of the merger," the policyholders allege there are questions of law and fact common to all policyholders, including whether the defendants breached their fiduciary duties and failed to disclose material facts in connection with the merger. They aver that the defendants engaged in wrongful tactics which resulted in an unfair merger.

Reverends Drain and Shea also filed a Petition for Preliminary Injunction to enjoin the merger. After hearings, the trial court denied the petition because the policyholders had not shown irreparable harm or lack of a remedy at law.[2] In addition, the court expressed that it had jurisdiction over common law claims of breach of fiduciary duties and waste of corporate assets to the extent it did not conflict with the Insurance Commissioner's jurisdiction. The court was uncertain, however, that it had jurisdiction to enjoin the merger

Corporators, which governed Covenant from its inception until 1993, was improperly disbanded. Preliminary injunctive relief was denied and Smith later withdrew the action.

**2.** The trial court explained that the merger would not irreparably harm the policyholders because the Insurance Commissioner's conditions preserved Covenant's identity. To the extent there was monetary harm, the policyholders could recover damages at law. The facts also showed that greater injury would not result from refusing to grant relief than from granting it. The court did not address the likelihood of success on the merits.

based upon its alleged unfairness. The policyholders withdrew an appeal of the denial of a preliminary injunction.

After the California Department of Insurance approved the merger,[3] it was consummated on October 31, 1994. Covenant, its directors, and Provident then filed preliminary objections to the Complaint alleging, among other things, that the trial court has no jurisdiction over the policyholders' claims and that the policyholders lack standing.

The trial court sustained the preliminary objections and dismissed the Complaint with prejudice in December of 1995. With respect to jurisdiction, the trial court held that the policyholders' claims relate to the merger's fairness which was already adjudicated by the Insurance Commissioner. The court stated that objections to the merger's fairness should have been brought in an appeal in Commonwealth Court. In addition, the trial court held that the policyholders lack standing to pursue derivative relief on Covenant's behalf because after the merger, Covenant no longer exists. Furthermore, the trial court held that the policyholders failed to make a demand upon Covenant before filing suit and insufficiently allege that a demand would have been futile.

The Superior Court reversed the trial court's decision. It agreed with the policyholders that the claims in the Complaint sound in tort and thus were not within the Insurance Commissioner's jurisdiction but are properly before the trial court. The Superior Court further held that the policyholders did not lose standing to maintain a derivative action due to the merger. While the Superior Court agreed that the allegations about the futility of a demand are insufficient, it allowed the policyholders to amend their Complaint. This Court granted the Petition for Allowance of Appeal of Covenant, its directors, and Provident (Appellants).

Preliminary objections which result in the dismissal of a suit should be sustained only in cases that are clear and free from doubt. *American Housing Trust v. Jones,* 548 Pa.

---

3. Such approval was required because some of the policyholders are California residents.

311, 696 A.2d 1181, 1183–84 (1997). Facts that are well-pleaded and material will be considered as true, together with such reasonable inferences as may be drawn from them. *Id.*

The first issue presented is whether the trial court has jurisdiction over this action. The parties do not appear to dispute the Insurance Department's jurisdiction to approve proposed mergers and the Courts of Common Pleas' jurisdiction over tort claims related to corporate action. Rather, the parties' dispute centers upon the allegations in the Complaint. Appellants argue that the Complaint challenges the Insurance Commissioner's approval of the merger and her finding that the merger is fair to policyholders. The policyholders contend that they seek relief for breach of fiduciary duties in connection with the merger plan. Before examining the Complaint, we shall review the statutory provisions related to the jurisdiction of the trial court and the Insurance Commissioner.

The Common Pleas Courts have jurisdiction over claims of persons aggrieved by any corporate action. 15 Pa. Cons.Stat. § 1793 (1995).[4] Jurisdiction under section 1793 does not apply, however, to an insurance corporation if such jurisdiction is inconsistent with the Insurance Department's jurisdiction. *Id.* § 3138.

The Insurance Department is charged with executing the laws of the Commonwealth in relation to insurance. 40 Pa. Stat. § 41 (1992). Covenant and Provident were required to obtain the Insurance Department's approval to merge. *See* 15 Pa. Stat. § 21205 (1995); 40 Pa. Stat. § 991.1402(a)(1) (Supp. 1997).[5]

---

**4.** "Corporate action" includes (1) the selection and removal of directors or officers of a business corporation and (2) the taking of any action that is required to be or under the bylaws may be, submitted for action to the shareholders, directors, or officers of a business corporation. *Id.* § 1791.

**5.** A corporation seeking to merge with or acquire control of an insurer must file a statement containing the following 12 items with the Insurance Department: (1) the name of the acquiring party; (2) the name, source, and amount of consideration to be used to effectuate the merger; (3) fully audited financial information of the acquiring party; (4) the acquiring party's plans to liquidate or materially change the insurer's business; (5–11) information on the acquisition of securities

The Department must approve a proposed merger unless it finds that one of six enumerated grounds for disapproval exists. 40 Pa. Stat. § 991.1402(f)(1). The grounds for disapproval are (1) that after the change in control, the insurer is unable to write the insurance for which it is licensed; (2) the merger lessens competition or tends to create a monopoly; (3) the acquiring party's financial condition might jeopardize the insurer's financial stability or prejudice the policyholders' interests; (4) plans to materially change the insurer are not in the interests of the policyholders or the public; (5) the experience and integrity of those who would control the insurer would not be in the interests of the policyholders or the public; or (6) the acquisition will likely be harmful to the public. *Id.* The Department must hold a hearing before approving a proposed merger if the acquiring party or the insurer to be acquired requests one. *Id.* § 991.1402(f)(2). Otherwise, it is within the Department's discretion to hold a hearing. *Id.*

The statute thus affords the Insurance Department authority to approve or disapprove proposed mergers. Disapproval is limited to six enumerated grounds. The parties to the merger have a right to a hearing. The statute does not explicitly provide a mechanism for the Insurance Department to address alleged torts incident to a merger nor does it expressly grant authority to order a remedy for tortious conduct.

The Commonwealth Court recognized the statutory limits of the Insurance Department's authority in another action related to the merger at issue. The Presbytery of Philadelphia sought a hearing before the Insurance Commissioner on the proposed merger. After the Commissioner denied the request, the Presbytery sued Provident in equity seeking to impose a constructive trust on property that Provident held as Covenant's successor. In *Trustees of the Presbytery v. Provident Mutual Life Ins. Co.,* 685 A.2d 635 (Pa.Commw.1996), the Commonwealth Court reversed the trial court's decision that it

and related contracts before and after the proposed merger; and (12) additional information the Department deems necessary to protect the policyholders and the public interest. 40 Pa. Stat. § 991.1402(b).

lacked jurisdiction over the lawsuit. It held that the Presbytery's claim had to do with alleged corporate malfeasance that was outside the Commissioner's jurisdiction. The Commonwealth Court relied upon the consistent ruling of the Superior Court in the current matter as well as the Insurance Commissioner's opinion on the denial of the Presbytery's hearing request. The Commissioner stated:

... [T]he allegations of the Presbytery, even if true, are not directed to any particular insurance laws. Rather, the allegations go to the propriety of corporate action and the possibility of a monetary claim against the company. Such issues are generally considered to be within the jurisdiction of the courts of equity (footnote omitted). Administrative agency jurisdiction is premised on the assumed agency expertise in its particular field. The Department has no particular expertise in matters of corporate action....

Absent an express grant of authority to order a particular remedy, or specific powers from which such authority could reasonably be inferred, the Commissioner cannot presume the power to impose a constructive trust....

*Trustees of the Presbytery,* 685 A.2d at 637 (quoting Insurance Commissioner's Opinion dated September 28, 1994 at 7–8). We find this reasoning sound.[6]

■ The resolution of the present dispute thus depends upon whether the policyholders' Complaint collaterally attacks the Insurance Commissioner's approval of the merger based upon insurance laws or whether it seeks to have the trial court adjudicate tort claims incidental to the merger. We agree with the Superior Court that the Complaint seeks relief for

6. The Superior Court also recognized two decisions in other states allowing policyholders to bring claims for breach of fiduciary duties despite regulatory requirements. *See Doyle v. Union Ins. Co.,* 202 Neb. 599, 277 N.W.2d 36 (1979) (statutory requirement that insurance department approve sale of insurer did not insulate directors from liability for breach of fiduciary duties); *Rowen v. LeMars Mutual Ins. Co.,* 230 N.W.2d 905 (Iowa 1975)(insurance commissioner would have no authority under statute to adjudicate tort claims even though he may disapprove a transaction changing control of an insurer that is unfair to policyholders).

alleged torts and thus jurisdiction lies in the Court of Common Pleas.

The policyholders' derivative claim in Count I seeks equitable and compensatory relief for the directors' alleged breach of fiduciary duties in connection with the merger. *See* Complaint, ¶¶ 71–86. For example, in paragraph 77 of the Complaint, the policyholders allege in part:

... the Individual Defendants utterly failed in their duties of good faith and due care to fully and fairly consider the impact of the Merger on Covenant and its existing policyholders, in at least the following ways:

(1) the defendants failed to seek appraisals or valuations of Covenant's assets, or existing value as a going concern;

(2) the defendants failed to seek alternatives to Provident as a merger partner;

(3) the defendants failed to consider alternatives such as conversion to a stock insurance company which would have permitted the existing Covenant policyholders to cash in the accumulated surplus value of Covenant;

(4) the defendants failed to retain an independent actuary or other expert to value Covenant, to opine as to the fairness of the proposed merger to Covenant and its policyholders or to otherwise assist the purportedly independent "special task force";

(5) the defendants failed to provide in the Merger for Covenant's policyholders to receive compensation or benefits that fairly reflect the value of Covenant's conservative and prudent investment policies....

The policyholders also allege a breach of fiduciary duty with respect to the failure to disclose information in the proxy statement issued before the merger. Complaint, ¶ 84.

Count II is titled a claim for "fundamental unfairness of merger." Appellants construe this claim as a challenge to the Insurance Commissioner's conclusion that she did not find the merger injurious to policyholders. To the contrary, the allegations set forth in paragraphs 87 to 96 of the Complaint challenge the Appellants' tactics including the failure to dis-

close material information before the policyholders approved the merger.

While the Complaint contains allegations about the fairness of the merger as well as the consideration that Provident paid for Covenant's surplus under the terms of the merger plan, when read as a whole, the claims against Appellants are for alleged improprieties in consummating the merger. If as this litigation proceeds, it becomes apparent that the policyholders in fact seek to challenge the Commissioner's approval of the merger, the case shall be dismissed. The face of the Complaint, however, alleges tort claims that do not involve the consideration of insurance laws. Claims for breach of corporate fiduciary duties are properly before the trial court. As such, the preliminary objection based upon lack of jurisdiction may not be sustained.[7]

The second issue presented is whether Reverends Drain and Shea have standing to maintain a derivative action. Appellants have abandoned the argument made below that the policyholders can not bring suit on behalf of a corporation that no longer exists after a merger. Instead, Appellants maintain that the policyholders failed to make a demand on Covenant to enforce Covenant's rights as required by this Court in *Cuker v. Mikalauskas*, 547 Pa. 600, 692 A.2d 1042 (1997). *Cuker* was decided after the Superior Court's decision in this case.

In *Cuker*, this Court adopted the American Law Institute Principles of Corporate Governance with respect to standing to maintain a derivative action. 547 Pa. at 613, 692 A.2d at 1049. The ALI Principles require a shareholder to exhaust intracorporate remedies before filing suit. *Id.* at 615,

---

7. Many of Appellants' arguments presume that the Complaint collaterally attacks the Commissioner's Order. For example, Appellants argue that the policyholders should have appealed the Order to the Commonwealth Court under 42 Pa. Cons.Stat. § 763(a). The Commonwealth Court, however, could not have considered a breach of fiduciary duty claim not presented in the forum below. Appellants also argue that the conditions to the Commissioner's approval of the merger address the policyholders' claims. These conditions, however, address concerns related to allowing the merger plan, not breaches of fiduciary duties that have occurred.

692 A.2d at 1050 (quoting ALI Principles on standing). The shareholder must make a written demand upon the corporation's board of directors and request it to prosecute the action or take corrective measures. *Id.* Demand on the board is excused only if the shareholder shows that irreparable injury to the corporation would otherwise result, and then demand should be made promptly after commencement of the action. *Id.* at 616, 692 A.2d at 1050. If irreparable injury would not result, the court should dismiss a derivative action that is commenced before the response of the board to a demand unless the board does not respond within a reasonable time. *Id.*

Reverends Drain and Shea admit that they did not make a demand on Covenant's directors before filing suit. They maintain that such a demand would have been futile and prior to *Cuker*, a demand was not required under this circumstance. They rely upon Rule of Civil Procedure 1506(a) which states in part:

> In an action to enforce a secondary right brought by one or more stockholders or members of a corporation or similar entity because the corporation or entity refuses or fails to enforce rights which could be asserted by it, the complaint shall set forth ...
>
> (2) the efforts made to secure enforcement by the corporation or similar entity or the reason for not making any such efforts....

Before *Cuker*, the Third Circuit Court of Appeals construed Rule 1506 as restating existing law and requiring a plaintiff to allege that a majority of the board of directors engaged in fraudulent acts. *See Garber v. Lego, et al.*, 11 F.3d 1197 (3d Cir.1993)(reviewing Pennsylvania cases). Sufficient averments of fraud excused a demand based upon its futility. *See id.*

■ *Cuker*, which established that a demand is excused only if irreparable harm to the corporation is shown, changed the law on demand requirements in derivative actions. Whether we should apply the new rule to this action depends

upon (1) the purpose to be served by the new rule; (2) the extent of the reliance on the old rule; and (3) the effect on the administration of justice by the retroactive application of the new rule. *Blackwell v. State Ethics Comm'n,* 527 Pa. 172, 183, 589 A.2d 1094, 1099 (1991).

 *Cuker* does not specifically address the purpose of the new demand requirement. In *Garber,* 11 F.3d at 1202, the Third Circuit explained that demand requirements are imperative because the shareholder's right to act for the corporation is exceptional and only arises on a clear showing of special circumstances. The new, arguably more stringent demand requirement furthers this principle. However, plaintiffs in all pending derivative actions filed before *Cuker* relied upon their ability to file suit without making a demand if such a demand was futile. Excusing demand under *Cuker* only if irreparable harm to the corporation is shown will presumably lead to motions to dismiss in other cases where plaintiffs relied upon the former rule. Given the unjustness of this result, we hold that the demand requirement in *Cuker* does not apply to this case. We thus affirm the Superior Court's ruling on this issue, which allowed the policyholders to amend their Complaint to sufficiently allege the futility of making a demand on the directors.[8]

In sum, we affirm the Superior Court's decision that jurisdiction over this matter lies in the Court of Common Pleas. We also affirm its ruling that the policyholders may amend their Complaint to sufficiently allege the futility of making a demand on Covenant's directors. Jurisdiction relinquished.

NEWMAN, J., files a concurring opinion.

NEWMAN, Justice, concurring.

Although I join the Majority's Opinion, I write separately because I disagree in part with the Majority's conclusion that

---

**8.** This Court reviewed the Complaint solely in light of the jurisdiction and standing issues before it. The Court has not considered the merits of other preliminary objections raised, such as the directors' objection that the policyholders fail to state a claim for relief.

the policyholders' Complaint does not constitute a collateral attack on the Insurance Commissioner's approval of the merger. While I agree that Count I of the Complaint may reasonably be interpreted as alleging corporate tort claims that are outside the jurisdiction of the Insurance Commissioner, the allegations of Count II appear to be directed solely toward the very issues upon which the Commissioner based her findings of fairness, e.g., the financial effects of the merger on Covenant's policyholders. Accordingly, I would dismiss Count II as an impermissible collateral attack on the Insurance Commissioner's approval of the merger.

In her Order and Opinion dated September 28, 1994, the Insurance Commissioner made, *inter alia,* the following determinations:

11. The Commissioner believes that the Plan [of Merger] meets the standards of Section 205(b) of the [Business Corporation Law] and further believes that the Plan is not injurious to the interests of the policyholders and creditors of either corporation.

. . .

14. The Commissioner, based on the standards set forth at 40 P.S. § 991.1402(f)(1)(a)(iii), has not found that Provident's financial condition is such as might jeopardize the financial stability of Covenant or prejudice the interests of policyholders.

15. The Commissioner, based on the standards set forth at 40 P.S. § 991.1402(f)(1)(a)(iv), has not found that Provident's plans or proposals, if any, to make any material change in the business or corporate structure or management of Covenant, are unfair and unreasonable to policyholders of Covenant and not in the public interest,

16. The Commissioner, based on the standards set forth at 40 P.S. § 991.1402(f)(1)(a)(v), has not found that the competence, experience and integrity of those persons who would control the operation of Provident, as the surviving corporation, are such that it would be adverse to the

interest of policyholders of the insurer and of the public to permit the merger.

On its face, Count II of the policyholders' Complaint, entitled, "Class Action Claim as Against All Defendants for Fundamental Unfairness of the Merger," addresses precisely the issues of fairness and financial consequences that the Insurance Commissioner ruled on in approving the merger. In Count II, the policyholders allege, *inter alia,* that:

"[The] merger transaction ... is fundamentally unfair to plaintiffs and other Covenant policyholders...." [Complaint,¶ 93];

"The Merger is also at an unfair price. The transaction negotiated by defendants fails to provide plaintiffs and the class with any consideration for their valuable ownership interest in Covenant." [Complaint,¶ 93];

"Defendant Provident and the Individual Defendants, on behalf of defendant Covenant, have acted in structuring this unfair merger to usurp Covenant's valuable assets...." [Complaint,¶ 94];

"These tactics pursued by defendants are ... wrongful, unfair and harmful to Covenant's policyholders, and are an attempt by certain defendants to aggrandize their personal positions, interests and finances at the expense, and to the detriment, of Covenant's policyholders." [Complaint,¶ 95]; and

"As a result of the actions of the defendants, plaintiffs and the class have been and will be damaged in that they will not receive fair value for Covenant's assets, business and surplus...." [Complaint,¶ 96].

The allegations of Count II are clearly inconsistent with the Insurance Commissioner's determinations regarding the fairness of the merger to policyholders. Indeed, in the Prayer for Relief following Count II, the policyholders specifically ask the Court of Common Pleas to, "[d]eclar[e] that the proposed merger is unfair, unjust and inequitable to plaintiffs and the other members of the class...." Thus, I cannot view Count II as anything other than a collateral attack on the Insurance

Commissioner's approval of the merger. Accordingly, I would dismiss Count II and allow the policyholders to proceed only against Covenant's directors for alleged breaches of fiduciary duty as set forth in Count I of the policyholders' Complaint.