## Becchetti v. PennDOT

C.P. of Lackawanna County, no. 99 CV 4185.

*Nicholas E. Fick,* for plaintiffs.

*Thomas J. Munley,* for defendant The Dugout.
*James P. Kearney,* for defendant PennDOT.
*Myles McAliney,* for defendant Gress.

MINORA, *J.,* January 19, 2001—

## I. INTRODUCTION

Currently before the court are the preliminary objections of the defendants, DKA Inc., t/a The Dugout and Lisa M. Alberico, t/a The Dugout.[1]

By way of procedural background, this liquor liability and wrongful death and survival action was instituted on August 23, 1999 by a writ of summons. On December 3, 1999, The Dugout defendants obtained a rule to file a complaint. On December 22, 1999, plaintiffs filed a complaint against all of the above-named defendants. Plaintiffs' complaint was served on The Dugout defendants on December 23, 1999.

Specifically, the plaintiffs have directed five causes of action against The Dugout defendants, each under the title "third cause of action." While the general thrust of plaintiffs' complaint appears to be that of wrongful death and survival, we can characterize the counts as follows: Count I—negligence; Count II— reckless indifference; Count III—wrongful death; Count IV—survival; and Count V—punitive damages.

On January 12, 2000, the current objecting Dugout defendants filed their numerous preliminary objections

---

1. On May 7, 2000, this court issued an order sustaining the preliminary objections of defendants Gerald D. Hubshman and Lois J. Hubshman, t/a The Dugout and dismissing those defendants as parties to the above action.

to the complaint. As indicated in their brief, The Dugout's preliminary objections are directed to Counts I through V as set forth in the third cause of action of plaintiffs' complaint, pages 21 through 31. A brief in support of those preliminary objections was filed on January 26, 2000. A memorandum of law in opposition to the preliminary objections was filed on May 8, 2000 by the plaintiffs.

The court entertained oral argument on May 8, 2000, thus rendering this matter ripe for disposition.

Additionally, and by way of factual background, this action arises out of a series of events which transpired on or about August 22, 1997 and other circumstances leading up to that evening.

According to plaintiffs' complaint, the events leading up to that evening involved primarily PennDOT and actions and/or inactions they engaged in up until that time. On that particular date, the defendant, Ronald Gress, went to a bar known as The Dugout after work and while at The Dugout, began consuming alcoholic beverages. The plaintiffs allege that The Dugout was operated by the defendant DKA Inc., and/or the defendant Lisa M. Alberico. Mr. Gress remained at The Dugout for a period of time and it is the plaintiffs' contention that during this period of time, Mr. Gress became visibly intoxicated as his blood alcohol reading at the time of his subsequent arrest was about three times the legal limit. Despite his condition, The Dugout allegedly continued to serve Mr. Gress alcoholic beverages in violation of the Pennsylvania Liquor Control Code. Mr. Gress then left The Dugout and attempted to drive his motor vehicle home to Moscow. On the way home,

and due to his intoxicated condition, Mr. Gress lost control of his vehicle, went off the roadway and struck the guardrails in the vicinity of a bridge on a narrowing roadway called Route 690 which is owned and under the control of defendant PennDOT.

Allegedly, the vehicle of Mr. Gress came into contact with the guardrail, shot back across the roadway, crossed the centerline, and struck head-on the vehicle operated by the decedent Linda McClain, resulting in her death.

## II. ISSUES

With that background set forth, we must now examine the ten issues and/or preliminary objections set forth by the remaining Dugout defendants. Those issues are as follows:

(A) Whether the plaintiffs' complaint should be stricken for failure to conform to law pursuant to Pa.R.C.P. 1028(a)(2) and Pa.R.C.P. 2204?

(B) Whether the plaintiffs' complaint should be stricken for failure to conform to law pursuant to Pa.R.C.P. 1028(a)(2) and Pa.R.C.P. 1019(a)?

(C) Whether Counts I and II, negligence and reckless indifference, respectively, of the third cause of action of the plaintiffs' complaint should be dismissed in that they fail to state a claim upon which relief may be granted in accordance with Pa.R.C.P. 1028(a)(4)?

(D) Whether plaintiffs' request for damages as set forth in Count III of the third cause of action should be dismissed for failure to state a claim upon which relief may be granted in accordance with Pa.R.C.P. 1028(a)(4)?

(E) Whether Count III of the third cause of action should be stricken for failure to conform to law as per Pa.R.C.P. 1028(a)(2) in that plaintiffs, other than the administratrix, have been named as individual parties to said cause of action?

(F) Whether Count III of the third cause of action should be stricken for failure to conform to law as per Pa.R.C.P. 1028(a)(2) in that plaintiffs have failed to abide by Pa.R.C.P. 1019(f)?

(G) Whether Count II of the third cause of action should be stricken for failure to conform to law as per Pa.R.C.P. 1028(a)(2) in that the same is duplicative of Count V?

(H) Whether Count IV of the third cause of action should be dismissed for failing to state a claim upon which relief may be granted as per Pa.R.C.P. 1028(a)(4)?

(I) Whether paragraph 77 of Count IV of the third cause of action and the plaintiffs' request for damages contained therein should be dismissed for failure to state a claim upon which relief may be granted as per Pa.R.C.P. 1028(a)(4)?

(J) Whether Count V of the third cause of action and the plaintiffs' complaint, seeking punitive damages should be dismissed for failure to state a claim upon which relief may be granted as per Pa.R.C.P. 1028(a)(4)?

## III. DISCUSSION

We will now address each of the defendant Dugout's preliminary objections in corresponding order as set forth in section II above.

(A) Pa.R.C.P. 2204 requires that:

"In addition to all other facts required to be pleaded, the initial pleading of the plaintiff is an action for wrongful death shall state the plaintiff's relationship to the decedent, the plaintiff's right to bring the action, the names and last known residence addresses of all persons entitled by law to recover damages, their relationship to the decedent and that the action was brought in their behalf."

In determining if this rule is met, the complaint must be read with *common sense* to carry out the purposes for which the rule was adopted. *Usner v. Duersmith*, 346 Pa. 494, 31 A.2d 149 (1943).

Upon review of the complaint, the court concludes there is compliance with the substance Pa.R.C.P. 2204. The complaint lists Lorraine Becchetti as the "natural sister" of the decedent and also identifies her as the administratrix of the estate of Linda McClain. The complaint identifies all other plaintiffs as "siblings" of the decedent. Without question, the complaint fully identifies the plaintiffs' relationship to the decedent, their alleged right to bring the cause of action, and their names and addresses as required by Pa.R.C.P. 2204.

Therefore, the defendant Dugout's preliminary objections based on Pa.R.C.P. 1028(a)(2) and Pa.R.C.P. 2204 are overruled and dismissed at this juncture. Substantive "standing" issues will be addressed later in this memorandum. (See sections B through J, *infra*.)

(B) The gist of the next preliminary objection is that paragraphs 62(g)(l)(m) and (n) violate Pa.R.C.P. 1019(a) in that they fail to state the material facts on which a

cause of action or defense is based in a concise and summary form. See Pa.R.C.P. 1019(a).

Pa.R.C.P. 1019 is satisfied when a complaint viewed in its entirety reflects the legal standards necessary to prove a cause of action. It is not necessary for plaintiff to plead evidence as this can be developed through discovery. *Local No. 163, International Union, U.B.F.C.S.D. & D.W. v. Watkins,* 417 Pa. 120, 207 A.2d 776 (1965); *Glucksnis v. Rise Construction Company Inc.,* 101 Lacka. Jur. 494, 497 (2000).

What constitutes sufficient particularity to adequately inform defendant of plaintiff's claim is incapable of precise measurement, and is within the broad discretion of the trial court. *Pike County Hotels Corp. v. Kiefer,* 262 Pa. Super. 126, 396 A.2d 677 (1978).

Certainly, paragraphs 62(g)(l) and (m) clearly put defendants on notice that they violated provisions of the Pennsylvania Liquor Code and relevant state and local statutes regarding the serving of liquor and its attendant negligence per se if that is sufficiently proven to a jury's satisfaction. As we indicated, discovery can subsequently flesh out whether such allegations can ultimately be proven. See *International Union, supra.*

As to paragraph 62(n), plaintiffs admit that its language ("otherwise failing to exercise due care under the circumstances") violates *Connors v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983) and therefore agrees it should be stricken.

Therefore, defendant Dugout's preliminary objections regarding paragraphs 62(g)(l)(m) and (n) will only be sustained in part as to paragraph 62(n) which will be stricken.

(C) Defendant's third preliminary objection is a demurrer to Counts I and II (negligence and reckless indifference, respectively) of the third cause of action of the plaintiffs' complaint. The gist of this objection is that plaintiffs are alleging a common-law right to a wrongful death action which is clearly not justiciable at law as per *Frazier v. Oil Chemical Co.,* 407 Pa. 78, 179 A.2d 202 (1962) and *Hodge v. Loveland M.D.,* 456 Pa. Super. 188, 690 A.2d 243 (1997), which indicate a wrongful death action is undeniably a creature of statute. See 42 Pa.C.S. §8301.

First, we must remember that the standard for preliminary objections in the nature of a demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231, 1233 (1998). In ruling on preliminary objections, the court must accept as true all well-pleaded allegations of material fact and all inferences that may be reasonably deduced form the averments. *Wagner v. Borough of Rainsburg,* 714 A.2d 1164, 1166 (Pa. Commw. 1998).

Preliminary objections which result in the dismissal of a claim should be sustained in cases that are clear and free from doubt. *Drain v. Covenant Life Insurance Co.,* 551 Pa. 570, 712 A.2d 273, 275 (1998); *American Housing Trust III v. Jones,* 548 Pa. 311, 96 A.2d 1181, 1183-84 (1997). Where any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer. *Shick, supra; Petition of Pippy,* 711 A.2d 1048, 1050 (Pa. Commw. 1998).

In light of those principles, it is obvious that we must examine whether or not Count I and II of the third cause

of action of plaintiffs' complaint clearly state a common-law cause of action for wrongful death which is clearly not justiciable at law as per the above authorities.

In examining the pleading as a whole, plaintiff arguably incorporates and repeats the fact that this complaint is brought both under the wrongful death and survival statutes 42 Pa.C.S. §8301 and 42 Pa.C.S. §8302.

The plaintiffs' complaint is not so poorly pleaded as to warrant Counts I and II being stricken. It is obvious that plaintiffs are alleging claims per the statutory authority of the wrongful death and survival statutes set forth above. (Note paragraphs 38, 41, 42, 45, 49, 52, 53, 56, 57, 60, 65, 70, 71, 74, 75 and 78 of plaintiffs' complaint.)

Therefore, defendant Dugout's preliminary objections in the nature of a demurrer to Counts I and II of the third cause of action of plaintiffs' complaint are overruled and dismissed.

(D) The gist of this preliminary objection is that Count III of plaintiffs' complaint and paragraph 73, in particular, asks for a range of damages under the wrongful death statute, 42 Pa.C.S. §8301 not allowable by law to siblings (brother and sister).

On this issue, the defendant Dugout is correct. Only a spouse, children or parents of a deceased can maintain a wrongful death action. 42 Pa.C.S. §8301(b); *Hodge v. Loveland M.D.,* 456 Pa. Super. 188, 690 A.2d 243 (1997); *Berry v. Titus,* 346 Pa. Super. 376, 499 A.2d 661 (1985).

Since siblings are not the class of individuals enumerated by 42 Pa.C.S. §8301(b), the personal repre-

sentative can maintain a cause of action under 42 Pa.C.S. §8301(d) but the recoverable damages are limited to reasonable hospital, nursing, medical, funeral expenses and expenses of administration. See also, *Tulewicz v. SEPTA*, 529 Pa. 588, 596, 606 A.2d 427, 431 (1992); *Harvey v. Hassinger*, 315 Pa. Super. 97, 100, 461 A.2d 814, 815 (1983); *Holmes v. Lado*, 412 Pa. Super. 218, 223 n.2, 602 A.2d 1389, 1391 n.2 (1992); *Frey v. Pennsylvania Electric Company*, 414 Pa. Super. 535, 539-40, 607 A.2d 796, 798 (1992).

Therefore, it is clear as a matter of law that the individual siblings Lorraine Becchetti, Kathleen Klapatch, Michael Klapatch, David Klapatch, Jeff Klapatch, Chris Gluckmus and Loretta Jones have no individual claim under the Wrongful Death Act (42 Pa.C.S. §8301). The administratrix Lorraine Becchetti can maintain a wrongful death claim limited to recovery for items set forth above as per 42 Pa.C.S. §8301(d). Therefore, defendant Dugout's demurrer as to Count III of plaintiffs' third cause of action is sustained as to the individual plaintiffs only.

(E) The next preliminary objection of defendant Dugout requests that Count III of the third cause of action should be stricken for failing to conform to law in that the individual plaintiffs, other than the administratrix have no standing to sue under the Wrongful Death Act, 42 Pa.C.S. §8301 and Pa.R.C.P. §2202. This is also true.

Pa.R.C.P. 2202 provides that:

"(a) Except as otherwise provided in clause (b) of this rule, an action for wrongful death shall be brought only by the personal representative of the decedent for the

benefit of those persons entitled by law to recover damages for such a wrongful death.

"(b) If no action for wrongful death has been brought within six months after the death of the decedent, the action may be brought by the personal representative or by any person entitled by law to recover damages in such action as trustee ad litem or behalf of all persons entitled to share in the damages.

"(c) While an action is pending it shall operate as a bar against the bringing of any other action for such wrongful death."

That rule must read in conjunction with the Wrongful Death Act, 42 Pa.C.S. §8301 which states in pertinent part:

"(b) Beneficiaries—Except as provided in subsection (d), the right of action created by this section shall exist only for the benefit of the Spouse, Children, Or Parents Of The Deceased . . .

"(d) Action by personal representative—If no person is eligible to recover damages under subsection (b), the personal representative of the deceased may bring an action to recover damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death."

In *Tulewicz v. SEPTA,* 529 Pa. 588, 597 n.9, 606 A.2d 427, 431 n.9 (1992) our Supreme Court indicated that "Rule 2202(a) of our Rules of Civil Procedure . . . [provides] that it is only the personal representative of the decedent who may maintain an action for wrongful death for the benefit of those persons entitled by law to recover damages for such wrongful death. Failing the fil-

ing of suit within six months following death, the action may be brought by the personal representative or by any person entitled by law to recover such damages, as trustee ad litem on behalf of all persons entitled to share in the damages. . . . The claimants are given, by statute, the right to recover damages, which right was denied them under the common law. That statutory grant did not convey upon them the right to maintain separate suits as co-party plaintiffs.

Obviously, under Pennsylvania law, the only parties entitled to recover for wrongful death are spouses, parents or children of the decedent. *Guzman v. Cooper*, 420 Pa. Super. 304, 308 n.5, 616 A.2d 705, 708 n.5 (1992).

Therefore, the individual plaintiffs are not proper parties to Count III of the third cause of action to plaintiffs' complaint and their claims should be stricken. The claims of the administratrix are not impacted herein.

(F) The next preliminary objection asks that Count III of plaintiffs' third cause of action be stricken since paragraph 72 seeks to recover for "other expenses in connection therewith" within their request to recover for medical, funeral and estate administration expenses. The defendant Dugout claims that this violates Pa.R.C.P. 1019(f) requiring that averments of time, place and items of special damages be pleaded with particularity. We disagree. It is not necessary for plaintiffs to plead with mathematical precision those figures which are not fully known at this time or which can be developed through discovery. (See section III, subsection B of this opinion and the case cited therein, *supra.*)

In any event, paragraph 72 merely amplifies the plaintiffs' request for medical, funeral and estate administration expenses all clearly recoverable items under 42 Pa.C.S. §8301 (the Wrongful Death Act).

Therefore, defendant Dugout's request to strike Count III of the plaintiffs' third cause of action and in particular paragraph 72 is overruled and dismissed.

(G) Defendant Dugout's next preliminary objection claims that Count II of the plaintiffs' third cause of action appears to be asserting a cause of action for either an intentional tort or punitive damages. In Count V of the third cause of action, they claim plaintiffs are specifically seeking punitive damages.

The Dugout defendants claim that Count II is duplicative of Count V and thus violating Pa.R.C.P. 1019(a) requiring that "the material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

It is within the court's discretion to decide if the spirit of Pa.R.C.P. 1019 is met. See *Pike County Hotels Corp. v. Kiefer*, *supra*. Where only the form of the pleading is being attacked as it is here, we will view the pleading with lenient eyes. *Lynch v. Wolfinger*, 163 Pa. Super. 405, 62 A.2d 95 (1948). Counts II and V of plaintiffs' third cause of action compliment and augment each other and are not clearly duplicative. While we agree that plaintiffs' complaint could have been more concise, we see no reason to strike Count II for merely artistic reasons and thwart the plaintiffs' counsel's professional discretion in asserting his claims. *Krajsa v. Keypunch Inc.*, 424 Pa. Super. 230, 622 A.2d 355 (1993).

Therefore, defendant Dugout's preliminary objections in the nature of a motion to strike Count II is overruled and dismissed.

(H) Defendant Dugout's next preliminary objection claims that Count IV of plaintiffs' third cause of action should be dismissed for failing to state a claim upon which relief can be granted in that both the administratrix *and* the individual plaintiffs are asserting a cause of action under the Survival Act. (42 Pa.C.S. §8302.)[2]

There is merit in this contention. Certainly, the administratrix is authorized to bring the survival cause of action to benefit the decedent's estate. *In re Estate of Merryman,* 669 A.2d 1059 (Pa. Commw. 1995); *Myers v. Estate of Wilks,* 440 Pa. Super. 176, 655 A.2d 176 (1995); *Kiser v. Schulte,* 538 Pa. 219, 648 A.2d 1 (1994).

A "survival" action simply continues in the decedent's personal representative, the right of action which accrued to the decedent at common law for decedent's pain and suffering between injury and death and loss of gross earning power from date of injury until death, less probable cost of maintenance and any amount awarded for wrongful death. *Frey v. Pennsylvania Electric Co.,* 414 Pa. 535, 607 A.2d 796 (1992), *appeal denied,* 532 Pa. 645, 614 A.2d 1142 (1992).

As such, it can only be brought by the personal representative of the estate. *Wilkes-Barre General Hospital v. Lesho,* 62 Pa. Commw. 222, 225, 435 A.2d 1340,

---

2. 42 Pa.C.S. §8302 states "all causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant or the death of all or more joint plaintiffs or defendants."

1342 (1981); *D'Orazio v. Locust Lake Village Inc.,* 267 Pa. Super. 124, 127, 406 A.2d 550, 551 (1979); *Finn v. Dugan,* 260 Pa. Super. 367, 394 A.2d 595 (1978).

Therefore, clearly any portions of Count IV of the plaintiffs' third cause of action asserting a survival action on behalf of the *individual* plaintiffs must be dismissed as a matter of law. The portion of Count IV of the plaintiffs' third cause of action brought by the administratrix is proper and will be allowed to continue.

(I) The next preliminary objection of the defendant Dugout indicates that paragraph 77 of Count IV of the third cause of action should be dismissed for failing to state a claim upon which relief may be granted.

Specifically, per paragraph 77 of plaintiffs' complaint, "plaintiffs claim damages for the loss of life's pleasures and the psychic value of the expectancy of life of plaintiffs' decedent which was cut short by the negligence, carelessness and recklessness and wanton misconduct of the defendants."

Clearly, as a matter of law, a separate claim for loss of life's pleasures is not allowed in the context of a wrongful death and survival action. *Willinger v. Mercy Catholic Medical Center,* 482 Pa. 441, 393 A.2d 1188 (1978).

"The rule is well established in Pennsylvania . . . that compensation for the loss of life's amenities is recoverable only if the victim survives the accident giving rise to the cause of action." *Willinger,* 482 Pa. at 446, 393 A.2d at 1190.

Explaining that such a loss is really a component of pain and suffering, the Supreme Court reasoned:

"Thus, to a large extent it has been the plaintff's consciousness of his or her inability to enjoy life that we have compensated under the rubric of 'loss of life's pleasures.' Unlike one who is permanently injured, one who dies as a result of injuries is not condemned to watch life's pleasures pass by." *Id.* at 447, 393 A.2d at 1191.

Therefore, clearly as a matter of law, a separate claim of "loss of life's pleasures" with the context of a wrongful death and survival action is not allowed and paragraph 77 of plaintiffs' complaint will be stricken and dismissed.

(J) The last preliminary objection of the defendant Dugout indicates that plaintiffs are claiming punitive damages in their capacities as individuals and/or as administratrix and under both the wrongful death and survival actions.

The defendant Dugout claims that such a structured claim as per Count V of the third cause of action of plaintiffs' complaint fails to state a claim upon which relief should be granted.

We partially agree with the defendant Dugout's contention. Clearly, punitive damages can be asserted as part of a survival action, not a wrongful death action. *Harvey v. Hassinger,* 315 Pa. Super. 97, 461 A.2d 814 (1983). As we explained above, (citations omitted—see prior section of the opinion) only the personal representative can maintain a survival action and maintain a claim for punitive damages if the facts support same.

Also, we must remember, to support a claim for punitive damages, a party must prove that "a person's actions are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct." *SHV*

*Coal Inc. v. Continential Grain Co.,* 526 Pa. 489, 493, 587 A.2d 702, 704 (1991); *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984); Restatement (Second) of Torts §908(2).

Punitive damages may be awarded where the defendant's conduct evidences a "reckless indifference to the rights of others." *Taylor v. Albert Einstein Medical Center,* 723 A.2d 1027, 1037 (Pa. Super. 1998), *reversed on* other *grounds,* 562 Pa. 176, 754 A.2d 650 (2000); *Feld v. Merriam,* 506 Pa. 383, 395, 485 A.2d 742, 748 (1984). "Reckless disregard" is defined or explained as follows:

"The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk if substantially greater than that which is necessary to make his conduct negligent." Restatement (Second) of Torts §500.

Clearly the substantive allegations of plaintiffs' complaint, when read as a whole, could arguably lead a jury to conclude that reckless behavior ensued. See also, *Chaplinsky v. Memo,* 101 Lacka. Jur. 410, 412 (2000).

Therefore, based on the above, plaintiffs' claim for punitive damages brought by the administratrix only under only the survival action can remain viable. All other aspects of Count V of the third cause of action are dismissed as a matter of law.

A comprehensive order consistent with this opinion will follow.

## ORDER

And now to wit, January 19, 2001, after due consideration of defendant's, DKA Inc., t/a The Dugout and Lisa M. Alberico, t/a The Dugout, preliminary objections and the able written and verbal arguments of counsel and in accordance with the foregoing memorandum, it is hereby ordered and decreed that said preliminary objections are sustained in part and overruled and denied in part as follows:

(A) Defendant's, DKA Inc., t/a The Dugout and Lisa M. Alberico, t/a The Dugout preliminary objections in the nature of a motion to strike the complaint as per Pa.R.C.P. 1028(a)(2) for failure to conform to Pa.R.C.P. 2204 are overruled and dismissed.

(B) Defendant's, DKA Inc., t/a The Dugout and Lisa M. Alberico, t/a The Dugout, preliminary objections in the nature of a motion to strike as per Pa.R.C.P. 1028(a)(2) and Pa.R.C.P. 1019(a) are sustained in part in that paragraph 62(n) of plaintiffs' complaint is stricken. The preliminary objections as to paragraphs 62(g), 62(l) and 62(m) are overruled and dismissed.

(C) Defendant's, DKA Inc., t/a The Dugout and Lisa M. Alberico, t/a The Dugout, preliminary objections as to Count I and II of the third cause of action of plaintiffs' complaint are overruled and dismissed.

(D) Defendant's, DKA Inc., t/a The Dugout and Lisa M. Alberico, t/a The Dugout, preliminary objections in the nature of a demurrer to Count III of the plaintiffs' third cause of action are sustained as to the individual plaintiffs only. The individual claims of plaintiffs Lorraine Becchetti, Kathleen Klapatch, Michael

Klapatch, David Klapatch, Jeff Klapatch, Chris Gluckmus and Loretta Jones as they relate to the Wrongful Death Act are dismissed with prejudice. The administratrix, Lorraine Becchetti can maintain a wrongful death action limited to recovery for those items set forth in 42 Pa.C.S. §8301(d).

(E) Defendant's, DKA Inc., t/a The Dugout and Lisa M. Alberico, t/a The Dugout, preliminary objections in the nature of a motion to strike the individual plaintiffs' Lorraine Becchetti, Kathleen Klapatch, Michael Klapatch, David Klapatch, Jeff Klapatch, Chris Gluckmus and Loretta Jones claims as per Count III of plaintiffs' third cause of action (wrongful death) is sustained and the above named individual plaintiffs' claims under the Wrongful Death Act are stricken and dismissed with prejudice.

(F) Defendant's, DKA Inc., t/a The Dugout and Lisa M. Alberico, t/a The Dugout, preliminary objections as to Count III of the third cause of action of plaintiffs' complaint, relative to paragraph 72 in particular, are overruled and dismissed.

(G) Defendant's, DKA Inc., t/a The Dugout and Lisa M. Alberico, t/a The Dugout, preliminary objections as to Count II of the third cause of action of plaintiffs' complaint in the nature of a motion to strike Count II as duplicative of Count V is overruled and dismissed.

(H) Defendant's, DKA Inc., t/a The Dugout and Lisa M. Alberico, t/a The Dugout, preliminary objections as to Count IV of the third cause of action of plaintiffs' complaint for failure to state a claim upon which relief can be granted is sustained in part and denied in part. Any portions of Count IV of plaintiffs' third cause of action asserting a survival action on behalf of the indi-

vidual plaintiffs, Lorraine Becchetti, Kathleen Klapatch, Michael Klapatch, David Klapatch, Jeff Klapatch, Chris Gluckmus and Loretta Jones are dismissed with prejudice. The portion of Count IV of plaintiffs' third cause of action asserting a survival action and brought by the administratrix, Lorraine Becchetti will be allowed to continue. Defendant's, DKA Inc., t/a The Dugout and Lisa M. Alberico, t/a The Dugout, preliminary objections as to paragraph 77 of Count IV of the third cause of action and the plaintiffs' request for damages therein in the nature of a motion to dismiss for failure to state a claim upon which relief can be granted is sustained.

Clearly, as a matter of law, a separate claim for "loss of life's pleasures" within the context of a wrongful death and survival action is not justiciable and paragraph 77 of plaintiffs' complaint is hereby stricken and dismissed with prejudice.

(J) Defendant's, DKA Inc., t/a The Dugout and Lisa M. Alberico, t/a The Dugout, preliminary objections to Count V of the third cause of action of plaintiffs' complaint, seeking punitive damages in the nature of a motion to dismiss for failing to state a claim upon which relief can be granted is sustained in part and denied in part. Plaintiffs' claim for punitive damages can be maintained by the administratrix only under a survival action theory. All other aspects of Count V of the third cause of action dealing with punitive damages are dismissed with prejudice as a matter of law.

The parties are directed to proceed in manner consistent with this memorandum and order. The objecting defendants are directed to file an answer to the remaining portions of plaintiffs' complaint within 20 days of the date of this order.