**Maxine Jacoby & Associates v. Graf**

C.P. of Allegheny County, no. GD 98-10100.

*Joseph J. Chester,* for plaintiff.
*Steven B. Silverman,* for defendants.

FRIEDMAN, *J.,* February 4, 2000—Plaintiff has appealed from this court's order dated November 17, 1999, in which we sustained defendants' preliminary objec-

tions and dismissed plaintiff's amended complaint with prejudice, based on improper service of original process.[1]

When this case was commenced, the only defendant named was John E. Graf. According to affidavits submitted by the defendants, John E. Graf was an associate attorney employed by Tucker Arensberg P.C. Service was made as to John E. Graf at the offices of Tucker Arensberg P.C. by handing a copy of the writ to Danelle Santoro, who, according to affidavits submitted by the defendants, is the receptionist at the office. On the sheriff's return of service, the box "Agent or person in charge of defendant(s) office or usual place of business" is checked. Plaintiff later mailed a copy of the complaint to defendant Graf, who subsequently filed preliminary objections thereto. Prior to argument, plaintiff filed an amended complaint, this time naming John E. Graf *and* Tucker Arensberg P.C. as defendants. Plaintiff also added an additional count, claiming breach of contract, to the original counts of defamation and tortious interference. It is undisputed that the amended complaint was served on Tucker Arensberg P.C by first-class mail only.

### DEFENDANT GRAF

Service was ineffective as to defendant Graf under Pa.R.C.P. 402(a)(2)(iii). That rule provides that "Original process may be served . . . by handing a copy . . . at

---

1. It should also be noted that the letter upon which plaintiff's action is based was dated June 19, 1997. The statute of limitations has therefore expired as to two of the counts of the amended complaint, defamation and tortious interference with contract. Count III, which is entitled "Contract" and which contains a claim for defendants' failure to pay for court reporting services, is moot, since both parties agree that plaintiff has since been paid.

any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."

This provision has consistently been interpreted by Pennsylvania courts as permitting service at a defendant's place of business to the agent or person in charge *only* when the defendant has "more proprietary responsibility and control over the business than that possessed by the average employee." *Pincus v. Mutual Assurance Co.,* 457 Pa. 94, 99, 321 A.2d 906, 910 (1974), construing Pa.R.C.P. 1009(b), now superseded, but substantially similar to the current rule. See *Sharp v. Valley Forge Medical Center,* 422 Pa. 124, 221 A.2d 185 (1966), construing the prior rule. The rules of court, as interpreted by the appellate courts, permit service of a defendant at his or her place of employment only in very limited circumstances.

Defendants attached affidavits of the receptionist, defendant Graf, and one of the shareholders of Tucker Arensberg P.C to their preliminary objections to the original complaint and the amended complaint. The affidavits indicated that defendant Graf was an associate attorney and was a salaried employee at will, that Graf did not have any ownership interest in Tucker Arensberg P.C. and did not participate in management of the firm, and that Graf received assignments from and was usually supervised by shareholders of the firm. Plaintiff has not rebutted these contentions in any way.

We feel constrained to point out the distinctions between the instant case and the case of *Williams v. Office of Public Defender County of Lehigh,* 402 Pa. Super. 188, 586 A.2d 924 (1990), which was found by this court

during its research in connection with this opinion. In *Williams,* service was found to be proper as to public defender attorneys by serving the secretary at their office. The Superior Court distinguished the prior cases from *Williams,* pointing out that in *Williams,* not only did the defendants have sufficient involvement in the "functioning and management" of the office, but also the public defender's office was "unique" in nature, unlike the places of employment in the other cases. *Williams* does not change the well-settled law set forth in *Pincus* and *Sharp.*

Although both *Williams* and the instant case involve service of an attorney at his office, there is no evidence to suggest that defendant Graf is involved in the "functioning and management" of Tucker Arensberg P.C.

## DEFENDANT TUCKER ARENSBERG P.C.

We also properly dismissed the amended complaint as to defendant Tucker Arensberg P.C. because original process was never served on it by the sheriff. The amended complaint was not, as plaintiff contends, a secondary pleading as to Tucker Arensberg, which could properly be served by mail. It was *original process.* Furthermore, service of the writ of summons by the deputy sheriff as to defendant Graf is clearly not sufficient as to defendant Tucker Arensberg, which was not even named in the writ as a defendant in the action. Tucker Arensberg was first named as a defendant in the amended complaint, and therefore the amended complaint was original process as to Tucker Arensberg.

Pa.R.C.P. 425(a) provides, inter alia, that "[o]riginal process shall be served upon an additional defendant who is not already a party to the action in the same manner as

if he were an original defendant." Original process (with a few exceptions not relevant here) must be served by the sheriff. (Pa.R.C.P. 400.)

## CONCLUSION

We properly dismissed the amended complaint as to both defendants, with prejudice, for failure to effect proper service of original process. The other issues raised in plaintiff's statement of matters complained of on appeal regarding the merits of the counts pled are moot.