# Schneider v. Chaitman

C.P. of Lackawanna County, no 97 CIV 3412.

*Matthew D'Annunzio,* for plaintiff.
*James A. Gibbons,* for defendants Cognetti.
*Jeffrey B. McCarron,* for defendants Howell.
*Edward Mannino,* for defendants Ross.

MINORA, *J.,* April 11, 2000—

## I. INTRODUCTION

Currently before the court are numerous preliminary objections raised by various defendants. We will identify the respective defendants and their preliminary objections and dispose of all of them to facilitate judicial economy.

We note that many of the legal issues currently before the court were addressed in the companion case of *Samall Associates Inc. v. Helen Davis Chaitman, Individually and as t/a Ross & Hardies* (C.P. Lackawanna Cty., no. 96 CV 3569) which is attached hereto and incorporated by reference as exhibit A, and we will make reference thereto as this current matter dictates.

This current action involves a complaint filed by the plaintiff on June 28, 1999. In Count I of the complaint, the plaintiff is alleging a cause of action against the Chaitman defendants for wrongful use of civil proceedings pursuant to 42 Pa.C.S. §8351 et seq. in regard to the underlying bankruptcy and state court proceedings. In Count II of the complaint, the plaintiff alleges the same cause of action against the Ross & Hardies defendants.

Count III alleges the same cause of action against the Dorsan Inc. defendant. Count IV alleges the same cause of action against the Krause defendant. Count V alleges the same cause of action against the Howell Firm defendant. Count VI alleges the same cause of action against the Cognetti defendants. Count VII alleges the same cause of action against the Foley Firm defendants.

This instant complaint as well as the companion complaint filed in *Samall Associates Inc. v. Helen Davis Chaitman, Individually and as t/a Ross & Hardies* (C.P. Lackawanna Cty., no. 96 CV 3569) spawned a myriad of preliminary objections. In the case sub judice, the court entertained briefs of counsel and heard oral arguments on January 19, 2000 and March 27, 2000. As mentioned above, we will now dispose of all preliminary objections before the court.

The Cognetti and Foley Firm defendants filed preliminary objections on July 19, 1999, alleging lack of jurisdiction over those defendants due to improper service of process. In addition, the Cognetti and Foley Firm defendants demurrer to the causes of action filed against them for the same reasons cited in the *Samall* case, *supra,* in that this court has previously ruled in a related case that the prosecution of an appeal does not form the basis for a claim of wrongful use of civil proceedings.

The Chaitman defendants and the Ross & Hardies defendants filed preliminary objections on July 20, 1999, demurring to Counts I and II of this instant complaint based on the same ruling by the court on March 9, 1998 in *Samall, supra,* where this court found, as a matter of law, that the filing of an appeal does not constitute the procurement, initiation or continuation of civil proceed-

ings against another under 45 Pa.C.S. §8351(a) and that, as a matter of law, due to the federal pre-emption, a cause of action for wrongful use of civil proceedings may not be instituted in state court based upon action taken in a bankruptcy proceeding. The Chaitman defendants and the Ross & Hardies defendants also raised a demurrer based on the fact that the underlying first bankruptcy proceeding was not terminated in favor of the person against whom it was brought as required by 42 Pa.C.S. §8351(a)(2).

The Krause and Howell Firm defendants filed preliminary objections to the instant complaint on July 22, 1999 as to Counts IV and V based on the *Samall* ruling cited above, including those contentions set forth by the other objecting defendants.

Therefore, the preliminary objections of the Chaitman and Ross & Hardies defendants, the Krause and Howell Firm defendants, and the Cognetti and Foley Firm defendants share common ground or key substantive issues set forth above. Only the Cognetti and Foley Firm defendants raise an additional procedural objection of improper service of process.

## DISCUSSION

### A. *Service of Process Upon the Cognetti and Foley Firm Defendants*

Before we address the substantive issues raised by the three sets of objecting defendants, we will dispose of the Cognetti and Foley Firm objections regarding service of process.

Pennsylvania Rule of Civil Procedure 402(a)(2)(iii) indicates that "original process may be served by handing a copy at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."

Pennsylvania Rule of Civil Procedure 423 similarly indicates that service of original process upon a partnership and all partners named in the action or upon an incorporated association shall be made upon any of the following persons, provided the person served is not a plaintiff in the action:

"(1) any partner, officer or registered agent of the partnership or association, or

"(2) an agent authorized by the partnership or association in writing to receive service of process for it, or

"(3) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the partnership or association."

The Cognetti and Foley Firm defendants' objections regarding jurisdiction and service of process stem from their contention that service upon associate attorney Vincent Cimini does not comply with the requirements of Pa.R.C.P. 402(a)(2)(iii) or Pa.R.C.P 423. We disagree.

If the defendant and other members of the office where the defendant works possess a high degree of legal knowledge and sophistication, and the office regularly handles legal documents and notices, it may not be necessary to show that defendant possesses a high degree of propriety interest or control in the office because, in this kind of situation, there is a reasonable likelihood that the person reviewing the copy of the process will understand its significance and pass it on to the proper principal of the defendant. In a similar situation, attorneys working

as county public defenders were validly served by substituted service at the office of the county public defender, although their interest in the office fell short of that of a proprietor or manager, because the nature of the office, which regularly handled legal notices, such as notices of service and the qualifications of its staff, reasonably ensured that the defendants would receive the copy of the process. *Williams v. Office of Public Defender,* 402 Pa. Super. 188, 586 A.2d 924 (1990), *appeal denied,* 531 Pa. 661, 613 A.2d 1210 (1992); 2 Standard Pa. Practice 2d §10:86 pp. 210-11.

Certainly, serving attorney Vincent Cimini, known to this court as an able lawyer with intelligence and a sense of responsibility, would comply with the spirit if not the letter of the law cited above.

Therefore, defendant Cognetti and defendant Foley Firm's preliminary objections regarding jurisdiction and lack of proper service will be denied and dismissed.

## B. *The Standards for a Preliminary Objection in the Nature of a Demurrer*

Before turning to the collective preliminary objections in the nature of demurrers set forth by the various defendants, we will briefly set forth the standards for a demurrer.

The question presented by preliminary objections in the nature of a demurrer is whether on the facts averred, the law says with certainty that no recovery is possible. *Shick v. Shirey,* 552 Pa. 590, 593, 716 A.2d 1231, 1233 (1998); *Richards v. May Dept. Stores,* 100 Lacka. Jur. 334, 338 (1999). In ruling on preliminary objections, the court must accept as true all well-pleaded allegations of material fact and all inferences that may be reasonably

deduced from those averments. *Wagner v. Borough of Rainsburg,* 714 A.2d 1164, 1166 (Pa. Commw. 1998); *Shumek v. Scranton Counseling Center,* 100 Lacka. Jur. 173, 175 (1999). Preliminary objections which result in the dismissal of a claim should be sustained only in cases clear and free from doubt. *Drain v. Covenant Life Insurance Co.,* 551 Pa. 570, 575, 712 A.2d 273, 275 (1998); *American Housing Trust v. Jones,* 548 Pa. 311, 316, 696 A.2d 1181, 1183-84 (1997). Where any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer. *Shick, supra; Petition of Pippy,* 711 A.2d 1048, 1050 (Pa. Commw. 1998); *Gerbert v. Granahan,* 101 Lacka. Jur. 75 (2000).

With those standards in mind, we can now examine the collective substantive preliminary objections raised by the various objecting defendants in the light of this court's recent decision, the companion case of *Samall Associates Inc. v. Helen Davis Chaitman, Individually and as t/a Ross & Hardies* (memorandum and order dated March 9, 1998; C.P. Lackawanna Cty., no. 96 CV 3569) (exhibit A). Further, the court will be guided by the clear precedent of Pennsylvania appellate case law and not the cases from other states urged upon this court for adoption by some of the litigants.

### C. *Defendant Cognetti and Defendant Foley Firm's Preliminary Objections in the Nature of a Demurrer Based on the Contention That the Prosecution of an Appeal Does Not Form the Basis of a Claim for Wrongful Use of Civil Proceedings Under 42 Pa.C.S. §8351(a)*

It is clear from the pleadings that Counts VI and VII of the complaint are based on the defendant Cognetti

and defendant Foley Firm's sole participation in an appeal process.

As we stated in *Samall, supra* and as cited in *Rosen v. American Bank of Rolla,* 426 Pa. Super. 376, 383, 627 A.2d 190, 193 (1993), a frivolous appeal will not support an action for wrongful use of a civil proceeding.

Therefore, it is clear as a matter of law, that defendant Cognetti and defendant Foley Firm's preliminary objections to Counts VI and VII of plaintiff's complaint should be sustained and those causes of action dismissed in their entirety against them.

D. *Defendant Chaitman and Defendant Ross & Hardies' Preliminary Objections in the Nature of a Demurrer Based on Appellate Activity Not Forming the Basis for Wrongful Use of Civil Proceedings Under 42 Pa.C.S. §8351(a), Federal Bankruptcy Pre-emption and the Fact the First Bankruptcy Proceeding Was Not Terminated in Favor of the Person Against Whom It Was Brought As Required by 42 Pa.C.S. §8351(a)(2)*

Counts I and II against defendant Chaitman and defendant Ross & Hardies based on their involvement with appellate activity must also fail for the same reasons set forth above in part C. *Samall, supra; Rosen v. American Bank of Rolla,* 426 Pa. Super. 376, 383, 627 A.2d 190, 193 (1993).

In addition, portions of Counts I and II must fail for the reasons that state law tort claims for wrongful use of civil proceedings based on bankruptcy court proceedings are pre-empted by the remedies available under the Bankruptcy Code. See *Samall, supra; Shiner v. Moriarty,*

706 A.2d 1228 (Pa. Super. 1998), *appeal denied,* 556 Pa. 701, 729 A.2d 1130 (1998).

Since the parts of Counts I and II dealing with appellate activity and bankruptcy proceedings have to be dismissed as a matter of law for the reasons set forth above, it is not necessary to address the third preliminary objection of defendants Chaitman and Ross & Hardies [*i.e.,* that the first bankruptcy proceeding was not terminated in favor of the person against whom it was brought as required by 42 Pa.C.S. §8351(a)(2)].

Therefore, it is clear, as a matter of law, that defendant Chaitman's and defendant Ross & Hardies' preliminary objections to Counts I and II dealing with their involvement with the appellate and/or bankruptcy proceedings should be sustained. However, those portions of Counts I and II dealing with defendants' involvement in the underlying participation in Pike and Lackawanna counties in the filing of petitions to strike and/or open judgments do not lend themselves to the granting of a demurrer at this time. It is not clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish a right to relief in regards to the defendants Chaitman and Ross & Hardies' involvement in the underlying Pike and Lackawanna county proceedings mentioned above. See *Samall, supra* at 8-11.

Therefore, defendants Chaitman and Ross & Hardies' preliminary objections will be sustained in part and denied in part as in the companion *Samall* case, *supra.*

## E. *Defendants Krause and Howell Firm's Preliminary Objections in the Nature of a Demurrer Based on Their Involvement in Appellate and/or Bankruptcy Proceedings*

The same reasoning set forth in part D of this opinion and *Samall, supra* at 11-13 also apply to defendants Krause and the Howell Firm. Therefore, it is clear, as a matter of law, that defendant Krause's and defendant Howell Firm's preliminary objections to Counts IV and V dealing with their involvement with appellate and/or bankruptcy proceedings should be sustained. However, those portions of Counts I and II dealing with defendants' involvement in the underlying participation in Pike and Lackawanna counties in the filing of petitions to strike and/or open judgments do not lend themselves to the granting of a demurrer at this time. It is not clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish a right to relief in regards to defendant Krause's and defendant Howell Firm's involvement in the underlying Pike and Lackawanna county proceedings mentioned above.

Therefore, defendant Krause's and defendant Howell Firm's preliminary objections will be sustained in part and denied in part as in the companion *Samall* case, *supra*.

We will issue an appropriate order summarizing our holdings.

### ORDER

And now, to wit, April 11, 2000, it is hereby ordered and decreed that the defendants' preliminary objections

are sustained in part and overruled in part as per the following categorization and consistent with the above memorandum:

(1) The Cognetti and Foley Firm defendants' preliminary objections based on a lack of jurisdiction and improper service are overruled;

(2) The Cognetti and Foley Firm defendants' preliminary objections in the nature of a demurrer as to Counts VI and VII are sustained. Since the Cognetti and Foley Firm defendants only participated in appellate proceedings, which are legally insufficient to sustain a cause of action, the instant actions against them are dismissed in their entirety.

Defendants Chaitman and Ross & Hardies' preliminary objections in the nature of a demurrer based on appellate activity and federal bankruptcy pre-emption are sustained. Their preliminary objections in the nature of a demurrer in regard to their involvement in the petition to open and/or strike judgment in the underlying Pike and Lackawanna county actions are overruled.

All claims against them based on their involvement in appellate and/or bankruptcy proceedings are dismissed. The plaintiff will be allowed to proceed only on the remainder of his complaint arising out of civil actions in Pike and Lackawanna counties.

(4) Defendants Krause and Howell Firm's preliminary objections in the nature of a demurrer based on appellate activity and federal bankruptcy pre-emption are sustained. Their preliminary objections in the nature of a demurrer in regard to their involvement in the petitions to open and/or strike judgment in the underlying Pike and Lackawanna county actions are overruled.

All claims against them based on their involvement in appellate and/or bankruptcy proceedings are dismissed. The plaintiff will be allowed to proceed only on the remainder of his complaint.

.

---

## EXHIBIT "A"

*Samall Associates Inc. v. Helen Davis Chaitman*

MINORA, *J.,* March 9, 1998—This action comes before the court by way of numerous preliminary objections filed by both the defendants and the plaintiffs. The preliminary objections of the defendants collectively sound in the nature of a demurrer against counts contained in the plaintiffs' amended complaint that allege the defendants engaged in wrongful use of civil proceedings in violation of the Dragonetti Act. The plaintiffs, Samall Associates Inc., have also lodged preliminary objections to the preliminary objections of the Ross & Hardies defendants. The preliminary objections allege that Ross pled facts outside of the record and which are otherwise improper pursuant to Pa.R.C.P. 1028(a)(2). An argument was held before this court on November 3, 1997, and the parties have briefed their respective positions. This memorandum and order follow.

## FACTS

This is an action against numerous lawyers and their respective law firms, asserting liability to the plaintiff for wrongful use of civil proceedings in violation of 42

Pa.C.S. §8531(a). Plaintiffs are holders of confessed judgments and debt instruments which they had purchased from Northeastern Bank of Pennsylvania, now PNC Bank. The judgments were based on debts owed to the bank by the Milford Group Inc. The shareholders of the Milford Group Inc. were Gerald Swendsen and Melvin Swendsen.

In 1991, Milford filed a petition in Bankruptcy Court for the Middle District of Pennsylvania. In 1992, the Swendsens filed a petition to strike or open judgments in the Court of Common Pleas of Pike County, which sought to open or strike four separate confessed judgments which had been filed by the plaintiffs. The Swendsens were represented in that action by defendants Helen Davis Chaitman and her law firm, Ross, as well as Lee C. Krause, Esquire, and his law firm, Howell, Krause & Schlosser. The petition to open and/or strike was denied on December 21, 1993, and the Swendsens, through their counsel, filed a notice of appeal to the Pennsylvania Superior Court on January 14, 1994.

Subsequent to the filing of a notice of appeal, the Swendsens, through their same counsel, applied to the Superior Court for a stay of execution on the judgments; the application was denied on February 18, 1994. The Cognetti defendants entered their appearance in the Superior Court on behalf of the Swendsens on April 20, 1994. No further activity occurred in the appeal and the court dismissed the appeal on October 24, 1994.

Meanwhile, the Swendsens, Milford and Dorsan Inc. commenced an action against a number of parties (which include the current plaintiffs) in the Lackawanna County Court of Common Pleas on December 2, 1992. The

Swendsens, Milford and Dorsan Inc. were represented by Chaitman and her firm, Ross, as well as Krause and his law firm, Howell. The Cognetti defendants were not involved at this level. The case was dismissed on November 30, 1993 as a result of preliminary objections filed by the then-defendants. The Swendsens, Dorsan Inc. and the trustee in the Milford bankruptcy appealed the dismissal by this court to the Pennsylvania Superior Court on December 27, 1993. The notice of appeal was filed by Chaitman, Krause and their respective firms.

Cognetti entered their appearance four months later on April 20, 1994, but only on behalf of the Swendsens and Dorsan Inc. The Superior Court affirmed the dismissal of the Lackawanna County action on January 18, 1995. On February 14, 1995, the Swendsens, Dorsan Inc. and the trustee petitioned the Pennsylvania Supreme Court for allowance of appeal. The Cognetti defendants were not involved in seeking review in the Pennsylvania Supreme Court. The petition for allowance of appeal was denied by the Pennsylvania Supreme Court on July 20, 1995.

In March 1994, the trustee in the Milford bankruptcy had initiated an adversary proceeding by filing a complaint in the bankruptcy court, seeking equitable subordination of the claim against Milford held by plaintiff Samall Associates. The trustee was represented by Chaitman and her firm, Ross. Simultaneously, the trustee filed a motion in the bankruptcy, seeking to enjoin plaintiff Samall from levying and executing on assets of the Swendsens. The bankruptcy court denied the request for a stay on March 31, 1994. On April 11, 1994, the Cognetti defendants filed a notice of appeal to the U.S. District

Court, seeking review of the bankruptcy court's denial of the trustee's motion for a stay on behalf of the Swendsens. The appeal was not pursued, the plaintiffs filed a brief motion to dismiss for failure to prosecute, and the motion was granted on July 29, 1994.

*The amended complaint generally asserts the following causes of action:*

Against the Cognetti defendants for improper claims made on behalf of the Swendsens in appeals in the Pike County and Lackawanna County matters, and again in an appeal from an order of the bankruptcy court denying a motion for stay filed by co-defendant, Helen Davis Chaitman, in the bankruptcy proceedings.

Against the Ross defendants for filing baseless claims in petitions to strike and/or open judgments in Pike County on behalf of the Swendsens; in representing the Swendsens and Dorsan Inc. in the first adversary action in bankruptcy court from which the court abstained in favor of the Lackawanna County action; and for representation of Dorsan Inc. and the Swendsens in the Lackawanna action and appeals.

Against the Howell defendants for representing Dorsan Inc. and the Swendsens in the foregoing matters and, in addition, in an improper motion for stay filed in bankruptcy court.

## Defendants' Motion for Stay

The Cognetti, Ross and Howell defendants in this action have moved for a stay, pending the resolution of a declaratory judgment action initiated by the trustee in bankruptcy for the Milford Group Inc., alleging, inter alia, the plaintiffs in the action presently before the court,

pending in the United States Bankruptcy Court for the Middle District of Pennsylvania. It is true that the trial court has the inherent power to stay the proceedings in one case during the pendency of another case which may resolve or moot the case presently being stayed. *Gwynedd Properties Inc. v. Board of Supervisors of Lower Gwynedd Township,* 160 Pa. Commw. 599, 607-608, 635 A.2d 714, 718 (1993). However, this court is choosing to exercise its discretion by deciding this matter and ruling on the preliminary objections filed by the respective parties involved in this case.

## DISCUSSION

In considering a demurrer, all material facts set forth in the complaint, as well as all references reasonably deducible therefrom, are admitted as true. The court cannot accept as true, conclusions of law. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. A demurrer should be sustained only in cases where the plaintiff has clearly failed to state a claim on which any relief may be granted. A demurrer should not be sustained if there is any doubt as to whether the complaint adequately states a claim for relief under any theory. *Pittsburgh National Bank v. Perr,* 431 Pa. Super. 580, 584, 637 A.2d 334, 336 (1994). Since the sustaining of a demurrer results in a denial of the pleader's claim or dismissal of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without doubt fail to state a claim for which relief may be granted. *County of Allegheny v. Commonwealth,* 507 Pa. 360, 372, 490 A.2d 402, 407 (1985).

If there is any doubt, this should be resolved in favor of overruling the demurrer. *National Recovery Systems v. Frebraro,* 287 Pa. Super. 442, 444, 430 A.2d 686, 687 (1981). "[I]n pleading its case, the complaint need not cite evidence but only those facts necessary for the defendant to prepare a defense." *PennDOT v. Bethlehem Steel Corp.,* 33 Pa. Commw. 1, 11, 380 A.2d 1308, 1313 (1977). A preliminary objection in the nature of a demurrer cannot be used to raise substantive defenses against a plaintiff's right to recover. 2 Goodrich-Amram 2d, §1017(b):25 (1991).

The test a court uses in ruling on a demurrer in the form of a preliminary objection is whether, upon the facts averred, it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish his right to relief. *Sharon Paving & Construction Co. v. Sharon,* 19 Mercer Cty. L.J. 155 (1982).

### Cognetti Defendants' Preliminary Objections

Counts V and VI of the amended complaint allege violations of the Dragonetti Act by the Cognetti defendants for their participation and the appeal of the Pike County action. Counts XII, XIII, XIX and XX allege liability against the Cognetti defendants for their participation in the appeal of the Lackawanna County action before the Pennsylvania Superior Court. Counts XXI and XXII allege violations of the Dragonetti Act, which provides a cause of action for wrongful use of civil proceedings, by the Cognetti defendants in connection with their appeal of the bankruptcy court's denial of the trustee's motion for a stay of execution.

We will begin analysis by examining the preliminary objections of the Cognetti defendants with regard to counts in the plaintiffs' amended complaint that pertain to the Cognetti defendants' participation in the Pike County action and its appeal. The Ross defendants withdrew their appearance on behalf of their clients, the Swendsens, and on April 4, 1994, the Cognetti defendants entered their appearance on behalf of the Swendsens. However, after the entry of appearance by the Cognetti defendants, no further activity occurred on the appeal, and the appeal itself was dismissed by the court sua sponte on October 24, 1994 for failure to prosecute.

In December 1992, the Swendsens, Milford and Dorsan Inc. commenced an action against the current plaintiffs in the Lackawanna County Court of Common Pleas. The cause of action was dismissed upon the granting of defendants' preliminary objections for failure to state a claim upon which relief can be granted. The Swendsens were represented on appeal by the Ross defendants; on April 4, 1994, the Cognetti defendants also entered an appearance on behalf of the appellants. However, the petition for allowance of appeal was denied by the Pennsylvania Supreme Court on July 20, 1995. Counts XII and XIII of the plaintiffs' amended complaint deal with actions of the Cognetti defendants in the above appeal.

In March 1994, the trustee in the Milford bankruptcy initiated an adversary proceeding by filing a complaint in the bankruptcy court, seeking equitable subordination of plaintiff Samall's claim against Milford. The trustee was represented by the Ross defendants. On March 31, 1994, the bankruptcy court denied the trustee's request

for a stay of execution. On April 11, 1994, the Cognetti defendants filed a notice of appeal to the U.S. District Court for the Middle District. The appeal was not pursued, and Samall's motion to dismiss was granted on July 29, 1994. These actions are covered by Counts XXI and XXII of plaintiffs' amended complaint.

"The essence of the tort of wrongful use of civil proceedings is the institution of a civil action for a malicious purpose and without probable cause." *Rosen v. American Bank of Rolla,* 426 Pa. Super. 376, 382, 627 A.2d 190, 193 (1993). "[I]t has been held that a frivolous appeal *will not* support an action for wrongful use of a civil proceeding. . . . In . . . these cases there was *not* a wrongful initiation or continuation of a separate civil action against the plaintiff." *Id.* at 383, 627 A.2d at 193. (emphasis added) (citation omitted)

Since the participation of the Cognetti defendants wholly took place on the appellate level of the cases at issue, this court sustains all of the Cognetti defendants' preliminary objections to the plaintiffs' amended complaint. The court finds it clear and free from doubt that the plaintiffs have failed to bring a cause of action upon which relief can be granted and, further, that the plaintiffs, based upon their own pleadings, will be unable to prove facts legally sufficient to establish their right to relief. This is so because such a claim cannot be based solely upon appellate activity as is the case against the Cognetti defendants.

Further, during the drafting of this memorandum and order, this court was presented with the case of *Shiner v. Moriarty,* 706 A.2d 1228 (Pa. Super. 1998), wherein the Superior Court of Pennsylvania held that, "[T]he Bank-

ruptcy Code permits no state law remedies for abuse of its provisions." *Shiner* at 1238. Therefore, with regard to the Cognetti defendant handling of the bankruptcy appeal, this area is pre-empted from state consideration by the Bankruptcy Code and, therefore, cannot serve as a basis for a Dragonetti cause of action.

For reasons stated above, all of the Cognetti defendants' preliminary objections are granted.

We will now examine the Ross defendants' preliminary objections to the plaintiffs' amended complaint.

### *Ross Defendants' Preliminary Objections*

The proceedings conducted by the Ross defendants in the Pike County action were the filing of a petition to strike or open judgments, filed in four pending actions in Pike County, seeking to open judgments that had been entered by confession, and the subsequent filing of an appeal from the Pike County court's denial of the petition to strike or open judgments.

This court finds that the Ross defendants have not satisfied the burden placed on those filing preliminary objections relative to striking or opening judgments sounding in a demurrer. As previously stated, one of the requirements of a cause of action for wrongful use of civil proceedings under 42 Pa.C.S. §8351 is the individual bringing the action in question acted "in a grossly negligent manner or without probable cause and primarily for a purpose other than securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based . . . ." 42 Pa.C.S. §8351(a)(1). This position was once again reiterated in *Rosen,* where the court held: "The essence of the tort of wrongful use of

civil proceedings is the institution of a civil action for a malicious purpose and without probable cause." *Id.* at 382, 627 A.2d at 193.

In view of the requirements for a cause of action for wrongful use of civil proceedings and the requirements for the granting of a demurrer, we hold that at this stage of the pleadings, it is unclear whether the Ross defendants' participation in attempts to strike and/or open confessed judgments held by the plaintiffs was done for a malicious purpose or without probable cause. Because this factual issue is unresolved, the Ross defendants' preliminary objections to Count I of the plaintiffs' complaint pertaining to the petition to strike or open the judgments in the Pike County action are denied. It is not clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish a right to relief.

The court now will analyze the following counts objected to by the defendants. Count II of the amended complaint pertains to the appeal taken in the Pike County action. This court maintains its position as previously stated above while addressing the preliminary objections of the Cognetti defendants in light of the holding in *Rosen.* Thus, the preliminary objections raised by the Ross defendants dealing with appeals initiated by them to the Pike County court's denial of the petition to strike or open the confessed judgments at issue are granted.

For these reasons and all those stated above, the Ross defendants' preliminary objections to Count I in plaintiffs' amended complaint are denied, and the preliminary objections to Count II are granted.

Next, we will examine Counts VIII and IX pertaining to the Ross defendants' participation in the first bank-

ruptcy court proceeding. During the drafting of this memorandum and order, this court was presented with the case of *Shiner v. Moriarty*, 706 A.2d 1228 (Pa. Super. 1998) as previously noted. In *Shiner*, the Superior Court of Pennsylvania held: "[T]he Bankruptcy Code permits no state law remedies for abuse of its provisions." *Id.* at 1238. The *Shiner* court further elaborated on federal pre-emption for actions deriving from alleged wrongful use of bankruptcy proceedings as follows: "complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code . . . demonstrates Congress's intent to create a whole system under federal control." *Id.*

Thus, in light of this recent decision from the Superior Court, we find that Counts VIII and IX must be dismissed, for it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish a right to relief. A cause of action for wrongful use of civil proceedings may not be instituted in state court; based upon a bankruptcy proceeding, such an action must be raised in bankruptcy court due to federal pre-emption in this area of law as per *Shiner*.

Therefore, the Ross defendants' preliminary objections to Counts VIII and IX in the plaintiffs' amended complaint pertaining to the above referenced bankruptcy proceeding are granted for these reasons and all those stated above.

We will now address remaining Counts XV and XVI dealing with the Ross defendants' involvement in the Lackawanna County action. This court is again maintaining its previously stated position that an appeal cannot be the basis for a cause of action for wrongful use of civil proceedings; therefore, the preliminary objection

to Count XVI contained in the plaintiffs' amended complaint, alleging a claim under 42 Pa.C.S. §8351(a) arising out of any appeals filed to higher courts by the Ross defendants, is granted. Thus, this court holds that the Ross defendants' preliminary objections pertaining to Count XVI in the plaintiffs' complaint dealing with appeals taken from an action of the Lackawanna County court are granted for the same reasons as those previously stated in this opinion.

Additionally, the Ross defendants have stated that the Lackawanna County action is practically identical to the Pike County action. Thus, we reach the same conclusion as above. We find that it is unclear, at this stage of the pleadings, whether the Ross defendants' participation in attempts to strike and/or open confessed judgments was done for a "malicious purpose and without probable cause" as required by the pertinent case law. *Rosen* at 382, 627 A.2d at 193. Therefore, we hold that the Ross defendants have failed to meet the high burden placed on defendants filing preliminary objections in demurrer because it is not clear and free from doubt that the plaintiffs will be unable to prove facts legally sufficient to establish their right to relief. Therefore, the Ross defendants' preliminary objection to Count XV of the plaintiffs' amended complaint pertaining to the striking and/or opening of the judgments in Lackawanna County are denied.

For these reasons and all those stated above, the Ross defendants' preliminary objections to Count XV are denied and Count XVI are granted.

The plaintiffs have raised their own preliminary objections to a portion of the Ross defendants' preliminary

objections at paragraphs 9 and 10 pertaining to action taken by the Pike County court that is not part of the record. However, in view of the fact that this court has denied the Ross defendants' preliminary objections on that issue, the matter is now moot and requires no further consideration by this court.

### Howell Defendants' Preliminary Objections

The allegations against the Howell defendants are the same as those asserted against the previously discussed defendants and will be resolved in the same manner. Counts III and IV of the plaintiffs' amended complaint deal with the Howell defendants' involvement in the action to open and/or strike the judgments against the Swendsens in Pike County and appeals taken as a result of that action. This court has previously held, in this opinion, that it is unclear whether the participants in this action acted in a grossly negligent manner and without probable cause as required to sustain a cause of action under the Dragonetti Act, when filing petitions to open and/or strike judgments. See *supra*. Therefore, the defendants have failed to meet the high burden placed on defendants filing preliminary objections in demurrer. Thus, this court finds that it is not clear and free from doubt that the plaintiffs will be unable to prove facts legally sufficient to establish their right to relief. Therefore, the Howell defendants' preliminary objection to Count III of the plaintiffs' amended complaint pertaining to the striking and/or opening of the confessed judgments at issue is also denied.

This court also holds that the Howell defendants' preliminary objections made to Count IV in the plaintiffs'

amended complaint stemming from appeals taken on the denial of the Howell defendants' petition to open and/or strike the judgments are granted for the same reasons as those previously stated in this opinion.

For these reasons and all those stated above, the Howell defendants' preliminary objections to Count III are denied and Count IV are granted.

The Howell defendants have also made preliminary objections to Counts X, XI, XVII and XVIII in the plaintiffs' amended complaint dealing with the first bankruptcy proceeding and the Lackawanna County action. Once again, we hold as we did above. In light of the holding in *Shiner,* we find that Counts X and XI must be dismissed, for it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish a right to relief. Since a cause of action for wrongful use of civil proceedings may not be instituted in state court based upon bankruptcy proceedings, such an action must be raised in bankruptcy court due to federal pre-emption of this area. See *Shiner, supra.*

Therefore, the Howell defendants' preliminary objections to Counts X and XI of the plaintiffs' amended complaint dealing with the first bankruptcy proceeding are granted, as this court finds that the Howell defendants' right to a demurrer on this issue is clear and free from doubt.

Once again, this court must also deal with the Lackawanna County action as we have above. The holding of this court is the same for the Howell defendants as for the others previously discussed. We again find that it is unclear whether or not the Howell defendants' participation in attempts to strike and/or reopen confessed judg-

ments held by the plaintiffs was done in a grossly negligent manner and without probable cause. Therefore, the Howell defendants have also failed to meet the high burden placed on defendants filing preliminary objections in demurrer. Thus, this court finds that it is not clear and free from doubt that the plaintiffs will be unable to prove facts legally sufficient to establish their right to relief. Therefore, the Howell defendants' preliminary objection to Count XVII of the plaintiffs' amended complaint pertaining to the striking and/or opening of the confessed judgments at issue is denied. However, the Howell defendants' preliminary objections pertaining to Count XVIII in the plaintiffs' complaint dealing with appeals taken from action of the Lackawanna County court are granted for the same reasons as those provided above.

For these reasons and all those stated above, the Howell defendants' preliminary objections to Count XVII of the plaintiffs' amended complaint are denied, and Count XVIII of the plaintiffs' amended complaint is granted.

Finally, Counts XXIII and XXIV of the plaintiffs' amended complaint arise out of bankruptcy court proceedings in connection with a motion filed in bankruptcy court for a temporary restraining order and preliminary injunction to enjoin Samall from executing on the judgments.

We find these actions by the Howell defendants fall under the same parameters as the previously addressed dealing with bankruptcy proceedings. Thus, we find that in view of the holding in *Shiner,* it is clear and free from doubt that the plaintiffs will be unable to prove facts legally sufficient to establish their right to relief due to the federal pre-emption of this issue discussed above. Ac-

cordingly, the Howell defendants' preliminary objections to Counts XXIII and XXIV of the plaintiffs' amended complaint pertaining to the above-mentioned bankruptcy proceedings are granted.

## CONCLUSION

In sum, this court holds that all preliminary objections raised by the defendants against counts in the plaintiffs' amended complaint pertaining to the filing of petitions to strike and/or open judgments in both Pike and Lackawanna counties are denied for all of the reasons stated above.

We also hold that all preliminary objections raised by the defendants against counts in the plaintiffs' amended complaint pertaining to the appeals taken in both Pike and Lackawanna counties are granted for all of the reasons stated above.

This court further holds that all preliminary objections raised by the defendants against counts in the plaintiffs' amended complaint pertaining to the bankruptcy proceeding are granted in accordance with the reasons stated above.

Finally, this court holds that the preliminary objections raised by the Howell defendants against counts in the plaintiffs' amended complaint pertaining to attempts by the Howell defendants to prevent Samall from executing judgments in federal bankruptcy court are granted for all of the reasons stated above.

For these reasons and those stated above, the defendants' preliminary objections are sustained in part and overruled in part. An appropriate order follows.

## ORDER

And now, to wit, March 9, 1998, it is hereby ordered that the defendants' preliminary objections are sustained in part and overruled in part as per the following categorization and consistent with the above memorandum:

(1) The Cognetti defendants' preliminary objections to Counts V, VI , XII, XIII, XIX, XX, XXI and XXII of the plaintiffs' amended complaint are granted.

(2) The Ross defendants' preliminary objections to Counts I and XV of the plaintiffs' amended complaint are denied.

(3) The Ross defendants' preliminary objections to Counts II, VIII, IX and XVI of the plaintiffs' amended complaint are granted.

(4) The Howell defendants' preliminary objections to Counts III and XVII of the plaintiffs' amended complaint are denied.

(5) The Howell defendants' preliminary objections to Counts IV, X, XI, XVIII, XXIII and XXIV of the plaintiffs' amended complaint are granted.

(6) Finally, this court has not ruled on the plaintiffs' preliminary objections as they were rendered moot by this court's denial of the Ross defendants' preliminary objections at issue.

This order pertains to the causes of action that arose from both the Pike and Lackawanna county actions and actions commenced in the Federal Bankruptcy Court for the Middle District of Pennsylvania.