J-A05003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DANIELLE ZARENKIEWICZ, INDIVIDUALLY AND P/N/G OF J.D., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LARRY LEFKOWITZ, ESQUIRE, D/B/A LAW OFFICES OF LARRY H. LEFKOWITZ | |
| Appellee | No. 1947 EDA 2014 |

Appeal from the Order Entered May 20, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): September Term, 2013, No. 1387

BEFORE:  GANTMAN, P.J., SHOGAN, J., and ALLEN, J.

MEMORANDUM BY GANTMAN, P.J.:  **FILED APRIL 09, 2015**

Appellant, Danielle Zarenkiewicz, individually and p/n/g of J.D., a minor, appeals from the order entered in the Philadelphia County Court of Common Pleas, which sustained the preliminary objections of Appellee, Larry Lefkowitz, Esquire, d/b/a Law Offices of Larry H. Lefkowitz, and transferred the underlying legal malpractice action from Philadelphia County to Bucks County, on the basis of improper venue.  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant, a resident of Bucks County, retained Appellee, an attorney who lives and maintains a law office in Bucks County, to represent Appellant in a child custody action in the Bucks County Court of Common Pleas.  Appellee

performed all work pertaining to Appellant's case out of Appellee's Bucks County office. Following custody hearings in March 2012, Appellant lost primary physical custody of her child. Appellant subsequently filed an action against Appellee in Philadelphia County on September 12, 2013, in which Appellant alleged legal malpractice, breach of contract, and breach of fiduciary duty. On December 9, 2013, Appellee filed preliminary objections, which alleged venue was improper in Philadelphia County. On December 30, 2013, Appellant responded by filing an amended complaint. Appellee again filed preliminary objections on January 22, 2014, alleging venue was improper in Philadelphia County. On February 12, 2014, Appellant filed a response in opposition to Appellee's preliminary objections, to which Appellee replied on February 28, 2014. After a hearing on May 12, 2014, the court sustained Appellee's preliminary objections and transferred the action to Bucks County pursuant to an order, which was entered on the docket on May 20, 2014. On June 4, 2014, Appellant timely filed a notice of appeal. The court did not order a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issue for our review:

> DID THE TRIAL COURT COMMIT AN ERROR OF LAW IN SUSTAINING THE PRELIMINARY OBJECTIONS AS TO VENUE?

(Appellant's Brief at 8).

Appellant argues venue is proper in Philadelphia County for individual

Appellee and his unincorporated law firm. Specifically, Appellant asserts Philadelphia County is a proper venue for individual Appellee because he may be served in Philadelphia County. Appellant contends service would be proper in Philadelphia County because Appellee maintains an office in Northeast Philadelphia where he receives mail and performs approximately twenty-five (25) percent of his overall client meetings. Appellant also claims venue is proper in Philadelphia County for Appellee and his unincorporated law firm because he regularly conducts business in Philadelphia County by appearing before the Philadelphia County Family Court. Appellant maintains the court erred when it sustained Appellee's preliminary objection on the basis of improper venue, and transferred the case to Bucks County. Appellant concludes this Court should reverse the trial court's order. We disagree.

The proper method of challenging improper venue in a civil action is by way of preliminary objection. *Searles v. Estrada*, 856 A.2d 85, 88 (Pa.Super. 2004), *appeal denied*, 582 Pa. 701, 871 A.2d 192 (2005) (internal citation omitted). The trial court "is vested with discretion in determining whether to grant a preliminary objection to transfer venue, and we shall not overturn a decision to grant or deny absent an abuse of discretion." *Id.* "An abuse of discretion occurs when there was an error of law or the judgment was manifestly unreasonable or the result of partiality, prejudice, bias or ill will." *Scarlett v. Mason*, 89 A.3d 1290, 1292

(Pa.Super. 2014) (internal quotation marks and citations omitted).

"The presumption in favor of a plaintiff's choice of forum has no application to the question of whether venue is proper in the plaintiff's chosen forum; venue either is or is not proper." ***Id.*** "[A] trial court's determination depends on the facts and circumstances of each case and will not be disturbed if the trial court's decision is reasonable in light of those facts." ***Searles, supra*** at 88. "[The] court is to look at the case by taking a snapshot of it at the time it is initiated: if it is proper at that time, it remains proper throughout the litigation." ***Wilson v. Levine***, 963 A.2d 479, 485 (Pa.Super. 2008) (internal citations and quotation marks omitted).

Pennsylvania Rule of Civil Procedure 1006(a) governs venue for actions against individuals as follows:

> **Rule 1006.  Venue.  Change of Venue**
>
> (a)  Except as otherwise provided by subdivisions (a.1), (b) and (c) of this rule, an action against an individual may be brought in and only in a county in which
>
> (1)  the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law…[.]

Pa.R.C.P. 1006(a)(1).  Pennsylvania Rule of Civil Procedure 402(a) explains where service against an individual is proper:

> **Rule 402.  Manner of Service.  Acceptance of Service**
>
> (a)  Original process may be served
>
> (1)  by handing a copy to the defendant; or

- 4 -

(2)  by handing a copy

\*     \*     \*

(iii)  at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Pa.R.C.P. 402(a).

Rule 402(a)(2)(iii) requires "the defendant [to] have more proprietary responsibility and control over the business than that possessed by the average employee."  ***Williams v. Office of Public Defender of Lehigh County***, 586 A.2d 924, 925 (Pa.Super. 1990), *appeal denied*, 531 Pa. 661, 613 A.2d 1210 (1992).[1]  Courts look to the totality of the circumstances when determining whether a defendant possesses sufficient proprietary interest or control over a place for service to be proper.  ***Id.***

Pennsylvania Rule of Civil Procedure 2156, which discusses venue for actions against unincorporated associations, provides:

**Rule 2156.  Venue**

(a)  Except as otherwise provided by Rule 1006(a.1) and by subsection (b) of this rule, an action against an association may be brought in and only in a county where the association regularly conducts business or any association activity, or in the county where the cause of

---

[1] In **Williams**, the interpretation of Rule 402(a)(2)(iii) relied on case law referencing Pa.R.C.P. 1009(b)(2)(iii), which the legislature repealed on June 20, 1985 (effective January 1, 1986).  Nevertheless, Rule 402(a)(2)(iii) is merely a re-codification of Rule 1009(b)(2)(iii), and the language pertinent to our discussion is substantively the same.  **Williams, supra** at 925.

action arose or in a county where a transaction or occurrence took place out of which the cause of action arose or in the county where the property or a part of the property which is the subject matter of the action is located provided that equitable relief is sought with respect to the property.

Pa.R.C.P. 2156(a).

A court employs a quality/quantity analysis to determine whether an entity regularly conducts business in a county. ***Zampana-Barry v. Donaghue***, 921 A.2d 500, 503 (Pa.Super. 2007), *appeal denied*, 596 Pa. 706, 940 A.2d 366 (2007). "A business entity must perform acts in a county of sufficient quality and quantity before venue in that county will be established." ***Id.*** "Quality of acts will be found if an entity performs acts in a county that directly further or are essential to the entity's business objective; incidental acts in the county are not sufficient to meet the quality aspect of the test." ***Id.*** Acts necessary to an entity's existence are direct, while acts that aid a main purpose are merely collateral and incidental. ***Id.*** "Quantity of acts means those that are sufficiently continuous so as to be considered habitual." ***Id.*** at 504.

Instantly, in support of its decision to transfer the case to Bucks County, the trial court reasoned:

> [Appellee] occasionally makes use of rooms at Century 21 Advantage Gold's real estate offices located at 7104 Castor Avenue in Philadelphia to meet with clients. At this location, [Appellee] meets with clients in a conference room or a vacant agent's office. At this location, [Appellee] has no regular office hours or set schedule, has no dedicated office or phone line, and has no office staff.

- 6 -

For the use of this location [Appellee] pays a nominal monthly rent of $100. [Appellee] occasionally receives mail at this location, mostly junk mail. At this location, [Appellee] meets between two and six clients a month and spends between two to four hours a month.

[Appellee] estimates that he practices in the Philadelphia Court of Common Pleas only six times a year, and he does not appear before the Superior or Supreme Courts of Pennsylvania, or the Eastern District of Pennsylvania Court. Approximately two percent of [Appellee's] gross revenues are derived from business conducted in Philadelphia County.

* * *

[Appellee] was served in Bucks County. The cause of action did not arise in Philadelphia. No transactions or occurrences took place in Philadelphia out of which the cause of action arose. For these reasons, venue is improper against the individual [Appellee] in Philadelphia.

If [Appellee's] law practice is treated as a business association that is sued, [Appellee] does not regularly conduct business in Philadelphia. [Appellee's] occasional meetings with clients in Philadelphia are not essential to [Appellee's] business and thus do not satisfy the quality of acts portion of the quality/quantity test. [Appellee's] occasional meetings in Philadelphia are not continuous and sufficient enough to be considered general and habitual and so the [quantity] of acts portion of the quality/quantity test is not satisfied. Venue is therefore improper against [Appellee and his unincorporated law firm] in Philadelphia. Venue is improper in Philadelphia County and the decision should be affirmed.

(Trial Court Opinion, filed July 17, 2014, at 3-5) (internal footnotes omitted).

We accept the court's sound reasoning. Moreover, both Appellant and Appellee are residents of Bucks County, Appellant served Appellee at the law office Appellee maintains in Bucks County, and the underlying child custody

action took place in the Bucks County Court of Common Pleas. Importantly, Appellee did all work related to the underlying child custody case from his law office in Bucks County, and no interaction between Appellee and Appellant occurred in Philadelphia County until Appellant filed this action against Appellee. Furthermore, Appellee's listing of the Northeast Philadelphia address on his law firm's website does not constitute "regularly conducting business" for purposes of the quality/quantity analysis. *See Kubik v. Route 252, Inc.*, 762 A.2d 1119 (Pa.Super. 2000) (explaining mere solicitation of business in county does not amount to regularly conducting business).[2] Accordingly, we affirm. *See Searles, supra*.

Order affirmed.

_____

[2] Additionally, in her post-brief submission Appellant argues that this Court's recent decision in *Baylson v. Genetics & IVF Institute*, ___ A.3d. ___, 2015 PA Super 27 (filed February 9, 2015), holding venue is proper in a county in which the defendant maintains an office and regularly conducts business, controls and requires this Court to reverse the transfer order. Nevertheless, *Baylson* is distinguishable because the plaintiff in *Baylson* established that the defendant corporation maintained an office and regularly conducted business in the plaintiff's chosen venue. Here, Appellant failed to establish either of these requirements for venue to be proper in Philadelphia County.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/9/2015</u>